TOWN OF LEBANON ET AL. *v.* HOWARD WAYLAND ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 066204
NEW LONDON

Memorandum filed October 3, 1983.

*Taalman & Phillips,* for the plaintiffs.

*Howard and Alicia Wayland,* pro se, the defendants.

*Constance L. Chambers,* assistant general counsel, for the defendant freedom of information commission.

HENDEL, J. This is an administrative appeal by the plaintiffs, the town of Lebanon and the board of selectmen of the town of Lebanon, under General Statutes

§ 1-21i (d) and § 4-183 from a decision of the freedom of information commission (hereinafter referred to as the commission).

There is no dispute as to the operative facts. The board of selectmen of the town of Lebanon, without notice to the public, held an emergency meeting on Monday, March 16, 1981, for the purpose of considering liability insurance for town officials, an increase in the selectmen's salary, and Blue Cross-Blue Shield coverage for the selectmen. The circumstances which the plaintiff claims necessitated the March 16 emergency meeting included: (1) the avoidance of some additional insurance premiums if the change to add the selectmen was made before April 1, 1981; and (2) the desire to have the selectmen's salary increase and Blue Cross-Blue Shield coverage considered at a meeting of the board of finance scheduled for March 19, 1981.

The first selectman called the emergency meeting on Saturday, March 14, 1981. He gave notice of the meeting to one of the selectmen on March 14 and to the other selectman on March 16.

The board of finance did not consider the proposals to increase the selectmen's salary and Blue Cross-Blue Shield coverage at its March 19 meeting since the meeting was devoted to the board of education budget. The proposals were considered by the board of finance at an emergency meeting held on April 2, 1981, but were not included in its proposed budget to the town meeting. The town meeting rejected the proposed budget.

On April 3, 1981, the defendants Howard Wayland and Alicia Wayland filed a complaint with the commission claiming that the emergency meeting was illegal. The commission concluded, inter alia, that the "emergency meeting was illegal because [the] board failed to prove that it was unable to give the public the twenty-four hours notice required for a special meeting." The

commission declared the vote of the board of select-men to increase the selectmen's salaries to be null and void.

The plaintiffs seek to reverse the commission's decision claiming: (1) that the emergency meeting of the board of selectmen on March 16, 1981, did not violate the Freedom of Information Act (hereinafter referred to as the FOIA), inasmuch as there is no requirement in the FOIA that an emergency must be a matter which has to be acted upon within twenty-four hours; and (2) that the failure of the board of finance to act in any way on the selectmen's proposals and the failure of the town meeting to adopt any budget renders the relief or issues, or both, raised by the defendants moot. There appear to be no reported decisions on either of the issues presented.

Pursuant to § 1-21i (d), appeals from decisions of the FOIC are governed by the Uniform Administrative Procedure Act, which provides in General Statutes § 4-183 (g): "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inference, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Thus, the function of this court in reviewing the commission's decision is not to reach its own conclusions upon the subordinate facts, but rather to determine whether the

commission acted illegally, arbitrarily or in abuse of discretion and whether the commission's decision was supported by the evidence in the record. *Board of Trustees* v. *Freedom of Information Commission,* 181 Conn. 544, 548–49, 436 A.2d 266 (1980).

Section 1-21 of the FOIA provides that the meetings of all public agencies, except executive sessions, shall be open to the public. Section 1-21 further sets out the following notice requirements for public agency meetings: "Notice of each special meeting of every public agency . . . shall be given not less than twenty-four hours prior to the time of such meeting by posting a notice of the time and place thereof in the office of the secretary of the state for any such public agency of the state, and in the office of the clerk of such subdivision for any public agency of a political subdivision of the state; provided, in case of emergency . . . any such special meeting may be held without complying with the foregoing requirement for the posting of notice but a copy of the minutes of every such emergency special meeting adequately setting forth the nature of the emergency and the proceedings occurring at such meeting shall be filed with the secretary of the state or the clerk of such political subdivision, as the case may be, not later than seventy-two hours following the holding of such meeting."

Our state Supreme Court has frequently held that where the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and a statute will be applied as its words direct. See, e.g., *Muha* v. *United Oil Co.,* 180 Conn. 720, 730, 433 A.2d 1009 (1980). General Statutes § 1-18a (b) of the FOIA defines the general term "meeting," but does not define the terms "special meeting" or "emergency special meeting." Thus, § 1-18a (b) does not provide any insight into the determination of the issue posed by this case—whether the board of selectmen's meeting of

March 16, 1981, was an "emergency" special meeting and, therefore, exempt from the twenty-four hours notice requirement for special meetings in general.

The plaintiffs argue that the legislature did not try to set a time limit in the FOIA that an emergency must be a matter which has to be acted on within twenty-four hours and that there is no twenty-four hour requirement in § 1-21 which mandates the calling of an emergency meeting.

"Where the words of a statute fail to indicate clearly whether the provision applies in certain circumstances, it must be construed by this court, and such statutory interpretation is undertaken in light of the statute's purpose, its legislative history and the circumstances surrounding its enactment as well as its language." *Board of Trustees* v. *Freedom of Information Commission,* supra, 550. "The Freedom of Information Act expresses a strong legislative policy in favor of the open conduct of government and free public access to government records." *Wilson* v. *Freedom of Information Commission,* 181 Conn. 324, 328, 435 A.2d 353 (1980). As the state Supreme Court stated in *Board of Trustees* v. *Freedom of Information Commission,* supra, 550: "At the time of its unanimous passage by the General Assembly, the [Freedom of Information] act was noted for making 'sweeping changes' in the existing 'right to know' law so as to 'mark a new era in Connecticut with respect to opening up the doors of city and state government to the people of Connecticut.' 18 S. Proc., Pt. 5, 1975 Sess., p. 2323; 18 H.R. Proc., Pt. 8, 1975 Sess., p. 3907. The general rule under the act is disclosure. *Wilson* v. *Freedom of Information Commission,* supra, 329. As Representative Martin B. Burke, who sponsored the bill which was enacted, expressly stated on the floor of the house, the intent of the act 'is to make every public record and every public meeting

open to the public at all times with certain specified exclusions.' " 18 H.R. Proc., Pt. 8, 1975 Sess., p. 3907.

A broad interpretation of what constitutes an "emergency" special meeting, with its lack of even the minimal twenty-four hours notice requirement, would circumvent the purpose of the FOIA and the right of the public to a free and open government, and the commission, therefore, has consistently found that the circumstances which permit an emergency meeting occur only rarely and only when there is no time for a special meeting notice to be posted twenty-four hours in advance. See, e.g., *Olmstead* v. *Coventry,* No. FIC 80-109 (January 30, 1981) (in rejecting a claim made that an emergency meeting was necessary to release proposed budget cuts to the public early enough that the local newspaper could report on the proposal in its weekend edition which could reach a greater segment of the public than its daily edition, the commission found that although the reason was consistent with the spirit of the FOIA, it was not sufficient to justify holding an emergency meeting); *Zuraitis* v. *Watertown,* No. FIC 78-62 (May 30, 1978) (no evidence showed an emergency requiring that the meeting be held without posting notice at least twenty-four hours in advance); *Bartosiak* v. *Cromwell,* No. FIC 78-8 (March 3, 1978) (absent a showing by the board that it could not have provided twenty-four hours notice, the meeting did not constitute an emergency special meeting); *Haurilak* v. *Shelton,* No. FIC 77-168 (October 5, 1977) (emergency meeting convened on the same day, to take action which the law required to be taken no later than forty-eight hours after initial meeting, was unjustified because it could have taken the form of a special meeting). "[C]ourts should 'accord great deference to the construction given the statute by the agency charged with its enforcement' . . . '[W]here the governmental agency's time-tested interpretation is "reasonable" it

should be accorded "great weight" by the courts.' " (Citations omitted.) *Anderson* v. *Ludgin*, 175 Conn. 545, 555–56, 400 A.2d 712 (1978).

The commission's interpretation that an emergency meeting may be held only when there is no time for a special meeting notice to be posted twenty-four hours in advance is reasonable and will be accorded great weight by this court.

The plaintiffs have the burden of proof in challenging the decision of an agency. *Lovejoy* v. *Water Resources Commission*, 165 Conn. 224, 229, 332 A.2d 108 (1973). Likewise, the burden of proving the applicability of an exemption rests upon the party claiming it. *Wilson* v. *Freedom of Information Commission*, supra, 329.

The plaintiffs have failed to sustain their burden of proving that the commission's finding was clearly erroneous in view of the whole record. The board of selectmen had more than twenty-four hours before its perceived March 19, 1983 deadline in which it could have posted notice for a special meeting on the issues of a selectmen's salary increase and Blue Cross-Blue Shield coverage. The plaintiffs have also failed to prove that the commission's finding was arbitrary, capricious or an abuse or a clearly unwarranted exercise of discretion.

Section 1-21i (b) provides that if the commission determines that an FOIA violation has occurred, it may, "in its sound discretion . . . declare *any or all* actions taken at [such] meeting . . . null and void." (Emphasis added.) The commission, therefore, was within its discretion in declaring the board of selectmen's vote to increase the selectmen's salaries null and void.

The plaintiffs claim that in the present case the failure of the board of finance to act in any way on the board

of selectmen's vote to increase the selectmen's salaries and the failure of the town meeting to adopt any budget rendered moot this administrative appeal of the commission's order declaring the vote null and void.

The simple answer to the plaintiffs' argument is that it would permit unlimited discussions and actions to be taken by public agencies without prior notice thereof to the public in every instance in which the discussions or actions resulted in recommendations to another public agency which rejected such recommendations. Such a result would clearly be contrary to the intent of the FOIA to open every public meeting to the public at all times with certain specified exceptions.

For the reasons stated above, the decision of the commission is affirmed and the appeal is dismissed.