[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from a decision of the Freedom of Information Commission (FOIC) brought pursuant to Conn. Gen. Stat. 51-21i(d) and 4-183. The Town of West Hartford and Andrew F. Urban seek to vacate and set aside or modify the decision of the FOIC on the basis of the alleged error set forth in paragraph 6 of their petition.
In a letter of January 2, 1987 the defendants Raymond D. Shea and the Uniformed Fire Fighters Association of Connecticut (Union) made a request of the plaintiffs for a list of the names and addresses of all retired employees of the Town of West Hartford. (Record, Item F). By letter of January 7, 1987 the plaintiff Urban offered a list of names, but denied the request for addresses. (Record, Item G). In a letter dated January 13, 1987 the defendant Shea and the defendant Union asked for the offered names and requested the statutory basis for withholding addresses. (Record, Item H). With a letter dated January 21, 1987 the plaintiff Urban provided the defendants the list of names, citing Conn. Gen. Stat.1-19(b) as a basis for withholding addresses. (Record, Item I).
Thereafter on February 23, 1987 the defendant Shea and the defendant Union renewed the request for a list of retirees' names and addresses. (Record, Item J). No reply was forthcoming until on April 8, 1987 the plaintiff's attorney restated the reason previously given for the previous denial. (Record, Item E).
A complaint was filed with the FOIC on April 15, 1987, wherein the defendants sought relief from the denial of their request for CT Page 736 the addresses, of the retired employees of the Town of West Hartford. (Record, Item A).
The FOIC held a hearing on the defendants' complaint on June 1, 1987. (Record, Item B). On June 22, 1987, the hearing officer issued a report which was transmitted to the parties on June 25, 1987. (Record, Item M). This report, rejected the plaintiffs' claim that the defendants' complaint was not timely, finding first, that nothing in the Freedom of Information Act (FOIA) precludes a party from resubmitting a previously denied request for records and appealing any subsequent denial thereof and second, that the plaintiffs' April 8, 1987 letter was a denial from which the defendants were entitled to appeal. (Record, Item M, paragraphs 10-12 of the findings). The hearing officer further found that the addresses in question were not private facts, but rather published in directories available to every member of the public and that in the absence of proof that any of the retirees took extraordinary steps to keep his or her address out of the public domain and inaccessible through directory references, disclosure of such addresses did not constitute an invasion of personal privacy within the meaning of Conn. Gen. Stat. 1-19(b)(2). (Record, Item M, paragraphs 14-17 of the findings). The hearing officer rejected the Town's claim that the insurance law contained a prohibition to disclosure and found that for purposes of Conn. Gen. Stat. 28-513 the Town of West Hartford is neither an "insurance institution" as defined by Conn. Gen. Stat. 38-501(1), an "agent" as defined by Conn. Gen. Stat. 38-69 nor an "insurance-support organization" as defined by Conn. Gen. Stat. 38-501(m). The report of the hearing officer concluded that although the Town of West Hartford is partially self-insured with respect to medical benefits provided to retirees, the Town is not precluded by the provisions of Conn. Gen. Stat. Chapter 695 from releasing the addresses of its retirees. (Record, Item M, paragraphs 18-24 of the findings).
The FOIC adopted the hearing officer's report at its meeting of July 22, 1987 as a Final Decision. (Record, Item N).
The plaintiffs filed this appeal of the FOIC's decision on or about August 21, 1987. An answer was filed by FOIC on December 7, 1987. The record of the administrative proceedings below was filed with the Court on or about October 23, 1987.
The defendant Raymond D. Shea appeared pro se but was defaulted for failure to file a Brief. The defendant Uniformed Fire Fighters Association of Connecticut did not appear.
It was not disputed by FOIC at the hearing in this Court that the plaintiffs have standing and are aggrieved and the Court so finds. CT Page 737
The scope of judicial review is covered by 4-183(g) which provides that:
 [t]he court shall not substitute its judgment for that of the agency as to the weight of evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decision are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful precedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary of capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In addition, Conn. Gen. Stat. 4-183(f) requires that the appeal be confined to the record unless there are alleged irregularities in procedure not shown in the record. See also Conn. Gen, Stat. 4-183(e).
The burden of proof is upon the plaintiffs/appellants. Lovejoy v. Water Resources Commission, 165 Conn. 224, 230 (1973). This includes the burden of proving the applicability of exemptions to disclosure under the Freedom of Information statutes. Wilson v. FOI Commission, 181 Conn. 324, 341 (1980).
The issues raised by the plaintiffs in this case can be stated as follows:
1.) was the appeal filed within the time permitted by law?
2.) are the addresses of retired municipal employees exempt from disclosure by Section 1-19(b)(2) C.G.S.
3.) Is disclosure prohibited by Chapter 695 of the General Statutes under the insurance law because the Town is a self-insurer?
With regard to the claim that the applicants appeal to the FOIC was not timely and therefore the FOIC had no jurisdiction to enter its order the plaintiffs cite the Court to the Supreme Court case of Board of Education v. FOIC, 208 Conn. 442 (1988) which said in part (at 450):
 ". . . the time limitations prescribed by 1-21i(d) . . . were mandatory and not directory, and that the FOIC's CT Page 738 failure to hear and decide cases within those time limits invalidated any subsequent action by the FOIC . . ." (citing Zoning Board of Appeals v. Freedom of Information Commission, 198 Conn. 498, 505 (1986.):)
Section 1-21i(a) and (b) states in pertinent part:
 "(a) Any denial of the right to inspect or copy records . . . shall be made . . . by the public agency official who has custody or control of the public record, in writing, within four business days of such request. Failure to comply with a request . . . within such four business day period shall be deemed to be a denial.
 (b) Any person denied the right to inspect or copy records . . . may appeal therefrom to the freedom of information commission, by filing a notice of appeal with said commission. A notice of appeal shall be filed within thirty days after such denial. . . ."
The statute expressly provides that the appeal "shall" be filed within thirty days after "such denial." "Such denial" refers to subsection (a) of 1-21i where two methods of denial are mandated by the use of the word "shall." The first method is a written denial made within four business days of the request. This written denial must occur within four business days of the request.
The second method is an automatic or statutory denial which occurs on the day after the fourth business day after such request has been made and this statutory method of denial is mandated by the clear language of the second sentence of subsection (a).
The appeal to the FOIC was filed on April 15, 1987 (Record Item A).
The plaintiffs first claim is that the appeal to the FOIC by Shea and the Union were made more than 30 days after the first letter of the Town sent on January 7, 1987 (Record Item G). This claim which is premised upon an argument that the renewal of a claim should not create a new statute of limitations has been put to rest by the case of Board of Education v. FOIC, 208 Conn. 442
(1989). That case held that renewed requests for the information does in fact start the running of a new time limit for appeal.
The plaintiffs second claim has more merit. Here they point out that since the second request was made on February 23, 1987 (Record Item J) it was denied by operation of law on the day CT Page 739 following the four business days permitted by Section 1-21i(a) C.G.S. This would have been March 2, 1987. Thirty days from March 2, 1987 would have been April 1, 1987. Thus, the appeal should have been taken to FOIC prior to April 1, 1987 and the April 15, 1987 appeal (Record Item A) was too late.
Board of Education v. FOIC, 208 Conn. 442, 450 (1988) while dealing with another subsection of the same statute, makes it clear that the time limitations are "mandatory and not directory."
The FOIC in its Finding of July 22, 1987 was in error when it relied upon a letter of April 7, 1987 as the "denial" of the request. (Record Item N, finding No. 7). The request was in fact and law denied by operation of law under Section 1-21i(a) C.G.S. on April 1, 1987 and the later letter did not in law act to extend the period for appeal.
Accordingly the FOIC acted without jurisdiction and the appeal: from its decision must be sustained.
Even if the FOIC had jurisdiction, however, this administrative appeal must be sustained and the FOIC order reversed because to disclose the addresses of retired municipal employees would violate the exception of Section 1-19(b)(2) C.G.S.
That section provides, in pertinent part, as follows:
 (b) Nothing in section 1-15, 1-18a, 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of . . .: (2) personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy;
The FOIC in its decision of July 22, 1987 (Record Item N) found (at Finding No. 14) that the addresses of retired employees are maintained in personnel, medical or similar files within the meaning of that statute.
The issue then is whether the disclosure would constitute an invasion of the personal privacy of the individuals.
The FOIC found they were not "private facts" but instead were "published in directories available to every member of the public." (Finding #15 Record Item N).
The FOIC cites a number of "directory" cases to support its decision including Town of Glastonbury v. FOIC, Docket No. 243951, Superior Court, Judicial District of Hartford/New Britain at Hartford, August 11, 1982 (Doyle, J.). CT Page 740
The plaintiffs, however, claim that the finding of the FOIC that the West Hartford retired employees addresses are also found in "directories" was made without evidence and should not be relied upon to sustain its decision. At argument the only evidence in the record brought to the Court's attention to support such a finding was testimony of the Pension Plan Manager Peter A. Krzyzek who testified in part as follows:
 Q. Do you have any all-encompassing list of these addresses of retirees and their beneficiaries? Or are they located file by file?
A. I don't have any particular listing.
 Q. Do you know if there is anything such as a formal directory that would list all the retirees; addresses?
 A. We do have addresses for those that are receiving pension benefits and the individual addresses are on the pension payroll system.
 Q. Okay, now, would the pension payroll system be something that is accessible to the public? Let me restate it.
A. If you can be a little bit more specific.
Q. Who has control over the pension payroll system?
A. I would say I am one of the primary people involved.
 Q. If you got a request then for an address that's located on the pension payroll system, would you readily hand that out?
A. No, I would not.
 Q. Okay, would you be doubled in by your same privacy concerns that you have with respect to the files in your office?
A. Yes, I would.
 Q. And you know of no printed public directory that the town would have with all these retiree addresses that would be available to the public?
A. We maintain no such file. (Page 11, Record Item K).
These facts are to be contrasted with those in the Town of Glastonbury, supra, where the FOIC found the requested information CT Page 741 was contained in a professional directory and not in a personnel file. In that case the town official testified that they did have a professional directory separate from the personnel files containing the requested names and addresses.
Based upon a search of the record, it is found that the FOIC finding that the addresses are available to the public in a "directory" is found without evidence.
This brings us back to whether the disclosure would constitute an invasion of privacy.
 ". . . The propriety of disclosing information in a personnel file is governed by balancing the need for disclosure against the public policy in favor of the confidentiality of private and personal information." Board of Education v. FOIC, 210 Conn. 590, 596 (1989); State v. Januszewski, 182 Conn. 142, 172 (1980).
Here it may be noted that the FOIC made no special finding as to the need for public disclosure nor was there any statement suggesting such a balancing procedure was employed.
Moreover, in the closely analogous case under the federal Privacy Act, which involved disclosure of the names and addresses of retired federal employees the federal court found the interest in disclosure to be absolutely zero. National Association of Retired Federal Employees v. Horner, 879 F.2d 873, 879 (DC Cir. 1989).
Whether the disclosure of the addresses of retired West Hartford employees constitute an invasion of privacy is a matter of law. The court having considered the respective claims find that the plaintiffs have satisfied their burden in that regard and that there is no substantial interest in disclosure as opposed to the substantial interest in confidentiality.
Accordingly the court finds the decision appealed from to have been in violation of statutory provisions i.e., Section1-19(b)(2) C.G.S. and is therefore illegal.
Because of the conclusion of the Court the other claim of the plaintiffs need not be addressed.
For both of the reasons stated, the appeal is sustained.
LEUBA, J. CT Page 742