[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have taken this appeal from the decision of the defendant Conservation Commission of the Town of Hamden granting the application of Edward McKay and Laura McKay (No. 89-461) for a wetland permit to construct a single family residence on a 1/2 acre parcel of land located at 15 Laura Road in Hamden under The Inland Wetland and Watercourse Act. General Statutes 22a-36a et seq. and the town regulations. In 1985, the Commission granted, without conditions, the application of the father of Laura McKay (No. 85-312) to construct a one-family house (known as 25 Laura Road) on a 17.5 acre parcel which included the 1/2 acre piece that is the subject of this appeal.
The court has jurisdiction to hear this appeal because the plaintiffs James M. Finch and Ann Finch are statutorily aggrieved. A party is statutorily aggrieved if the appellant owns "land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision. . . ." General Statutes 8-8 (a). The Finch-plaintiffs own land which abuts the subject CT Page 2938 property. The court need not determine whether the plaintiff West Rock North Association has met the test for representational standing as set forth in Connecticut State Medical Society v. Connecticut Board of Examiners in Podiatry, 203 Conn. 295, 304
(1987) since the Finchs' aggrievement is sufficient to give the court jurisdiction.
The plaintiffs do not claim that the Commission's "decision [on its merits] is arbitrary, illegal or not reasonable." Lovejoy v. Water Resources Commission, 165 Conn. 224, 228-9 (1973). Rather, they claim the Commission erred in not considering the proceedings pertaining to the 1985 application (No. 85-312) during which the applicant when seeking permission to build the house at 25 Laura Road said at the public hearing "[n]othing [else] will be built on it [the 17.5 acre parcel]. It [, the remaining acreage,] is only to be used as side yards."
There is no merit to the issue raised by the plaintiffs. First, the 1985 permit (No. 85-312) was granted without condition. Second, the members of the current Commission were well aware of the history of the parcel of land, but properly decided this application (No. 89-461) on its merits. The question for the Commission was whether the erection of a building on the 1/2 acre site would have a significant impact on the wetlands. The Commission found that it would not. The record fully supports this conclusion of the Commission. Although a small portion of the property is wetlands, the Commission's on site inspection clearly establishes that the proposed house on the 1/2 acre would not have a significant impact on the wetlands. Finally, there was nothing improper when Town Counsel Steven Rolnick advised the Commission that the application should be considered on it merits.
The Zoning Board of Appeals granted the variance for permission to build on this 1/2 acre parcel which is located in a two acre zone. Whether such a variance was properly granted is not an issue before this court. Once granted, and since no appeal was taken from that decision by the Hamden Zoning Board of Appeals, the 1/2 acre became a building lot. "It is important to remember that `[a]gainst [the] laudable state policy [of such Legislation] must be balanced the interests of the private landowner who wishes to make productive use of his wetland.'" Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 552
(1987) quoting Brecciaroli v. Commissioner of Environmental Protection, 168 Conn. 349, 354 (1987).
The appeal is dismissed.
ROBERT I. BERDON, JUDGE CT Page 2939