MADRID CORPORATION *v.* INLAND WETLANDS AGENCY OF THE TOWN OF MANSFIELD ET AL.
(9759)

DUPONT, C. J., FOTI and LANDAU, Js.

Argued May 31—decision released August 13, 1991

*Leonard Jacobs,* for the appellant (plaintiff).
*Daniel K. Lamont,* for the appellees (defendants).

FOTI, J. The plaintiff appeals from the judgment denying its appeal from the decision of the defendant[1]

---

[1] A second defendant, Leslie Carothers, former commissioner of environmental protection, is not a party to this appeal.

inland wetlands agency of the town of Mansfield (agency) denying the plaintiff's application for a permit to conduct regulated activities within 150 feet of an inland wetlands.

The defendant agency regulates the wetlands and watercourses, as well as adjoining buffer areas of 150 feet, in the town of Mansfield.[2] On May 17, 1989, the plaintiff filed an application with the defendant to deposit fill material on land that slopes down to a wetlands. The parcel is approximately four acres and is owned by the plaintiff, which sought to subdivide it into two lots. On each of these lots, the plaintiff planned to build a three bedroom house with a driveway, well and septic system.

Following a public hearing, the agency met on September 6, 1989, and subsequently denied the plaintiff's application and set forth its reasons in a letter dated September 11, 1989. The plaintiff appealed from the denial of its application to the Superior Court, which affirmed the agency's decision. In response to the plaintiff's motion for articulation, the trial court cited the plaintiff's failure to "fully address feasible alternatives as required by [General Statutes] § 22a-41 (b)" as the basis of its denial of the plaintiff's appeal. The plaintiff was granted certification and now appeals to this court.

The plaintiff claims that the trial court improperly denied its appeal because (1) the reasons stated by the agency for denying the plaintiff's application were not supported by the record and (2) the trial court's find-

---

[2] Section 3.6 of the Inland Wetlands Regulations of the town of Mansfield allows the agency to regulate certain activities relating to inland wetlands and watercourses and "areas up to a distance of 150 feet from wetlands and watercourses as they may affect adjacent wetlands and watercourses, as determined by the agency."

ing that the plaintiff did not adequately address feasible alternatives was not a proper basis for denying its appeal. We affirm the trial court's judgment.

The agency set forth five reasons for denying the plaintiff's application.[3] Despite the plaintiff's challenge, "[t]he agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given." *Huck* v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 539–40, 525 A.2d 940 (1987). "The evidence, however, to support any such reason must be substantial." Id., 540. If none of the reasons given is properly supported by substantial evidence, then the defendant's denial must be overturned. Substantial evidence will be found to exist, however, if the record affords a substantial basis from which the fact in issue can be reasonably inferred. *Connecticut Light & Power Co.* v. *Department of Public Utility Control,* 216 Conn. 627, 640, 583 A.2d 906 (1990).

"A reviewing court is required to search the record for reasons; it is not required to articulate them." *Kaeser* v. *Conservation Commission,* 20 Conn. App. 309, 312, 567 A.2d 383 (1989). Here, the trial court as the reviewing court did articulate the reason. The trial court reviewed the record before dismissing the appeal and concluded that the plaintiff had not fully addressed the feasible alternatives as required by General Statutes § 22a-41 (b).

---

[3] The letter from the Inland Wetlands Agency of the town of Mansfield stated as reasons for the denial: "[B]ecause the agency finds that feasible and prudent alternatives may exist. This was not adequately addressed by the applicant. The agency further finds, in accordance with Art. 4, that there may be a significant impact from the proposal due to its proximity to the wetlands; the nature of the land adjacent to the wetlands and the surrounding area and the amount of fill required. The wetlands may provide a habitat for red-tailed hawks. In addition, the Conservation Commission did not approve the proposal. It is further noted that the applicant has already had use of his land with an earlier subdivision."

The plaintiff argues that because the permit applied for is not for an activity on "wetlands" but rather on land within 150 feet of wetlands, some distinction should be made. We are not persuaded that this is warranted. The decision to grant or deny a permit for activity in a regulated area is controlled by statute and regulation, without distinction as to where the regulated area is situated. The purpose of the wetlands statutes is to protect and preserve inland wetlands and watercourses "by providing an orderly process to balance the need for the economic growth of the state and the use of its land with the need to protect its environment and ecology . . . ." General Statutes § 22a-36. "An agency empowered to implement the wetlands act must therefore be vested with a certain amount of discretion in order to carry out its function." *Red Hill Coalition, Inc.* v. *Conservation Commission,* 212 Conn. 710, 722, 563 A.2d 1339 (1989).

Although the agency did not specifically find that the construction of a single dwelling would be a feasible alternative or that prohibiting any development constituted such an alternative,[4] it did find "that feasible and prudent alternatives may exist." The plaintiff's burden, in challenging the action of the agency in denying the application, is to show that the agency acted arbitrarily, illegally or that the decision is not reasonably supported by the evidence. *Lovejoy* v. *Water Resources Commission,* 165 Conn. 224, 228–29, 332 A.2d 108 (1973). The plaintiff argues that there was no substantial evidence that there would be any environmental impact as a result of its proposed action, so there was, therefore, no need for the agency to consider whether alternatives existed.

[4] The trial court erroneously held that "the agency specifically found that a feasible alternative does exist, i.e., the development of the parcel by the construction of one, rather than two dwellings, or the restriction of any development at all."

Although it is true that General Statutes § 22a-41 (a) (1) through (6) contains factors to be considered,[5] § 22a-41 (b)[6] restricts the issuance of a permit in the case of an application that received a public hearing unless it is found that a feasible and prudent alternative does not exist, and, in arriving at that finding, the facts and circumstances set forth in subsection (a) should be considered. The plaintiff's claim need not be addressed, however, because we conclude that the record shows substantial evidence of a significant impact that could result to the wetlands if the plaintiff's application were granted. Our review of the record discloses that the plaintiff's own soil scientist recognized that prior residential construction to the north had already encroached on the wetlands, although the damage did not seriously affect the wetlands' overall function. He also admitted that the construction would destroy wildlife habitat, and that a shift in wildlife populations was likely if the plaintiff's application were granted. The

[5] General Statutes § 22a-41 (a) provides: "In carrying out the purposes and policies of sections 22a-36 to 22a-45, inclusive, including matters relating to regulating, licensing and enforcing of the provisions thereof, the commissioner shall take into consideration all relevant facts and circumstances, including but not limited to:

"(1) The environmental impact of the proposed action;

"(2) The alternatives to the proposed action;

"(3) The relationship between short-term uses of the environment and the maintenance and enhancement of long-term productivity;

"(4) Irreversible and irretrievable commitments of resources which would be involved in the proposed activity.

"(5) The character and degree of injury to, or interference with, safety, health or the reasonable use of property which is caused or threatened; and

"(6) The suitability or unsuitability of such activity to the area for which it is proposed."

[6] General Statutes § 22a-41 (b) provides: "In the case of an application which received a public hearing, a permit shall not be issued unless the commissioner finds that a feasible and prudent alternative does not exist. In making his finding the commissioner shall consider the facts and circumstances set forth in subsection (a). The finding and the reasons therefor shall be stated on the record."

testimony of several neighbors stressed the value of the land as wildlife habitat and concerns about fertilizer runoff and contaminants from the septic systems flowing down into the wetlands. Finally, members of the agency personally inspected the site.[7] On the basis of all of the evidence presented at the public hearing on July 17, 1989, which was continued to August 7, 1989, the agency could have reasonably concluded that a significant environmental impact may have resulted if it had granted the plaintiff's petition. "In conducting its review, a court must defer to the agency's assessment of the credibility of the witnesses and to its right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part." *Connecticut Light & Power Co.* v. *Department of Public Utility Control,* supra.

The plaintiff also argues that the agency's reasons for denying this application are merely speculative as evidenced by the agency's use of the words "may" and "might." Even if that were so, the reviewing court must search the record for reasons to support the agency's decision; see *Gagnon* v. *Inland Wetlands & Watercourses Commission,* 213 Conn. 604, 609, 569 A.2d 1094 (1990); and, upon finding such, uphold that decision regardless of the language used by the agency in stating its reasons for the denial.

Because the defendant reasonably concluded that an environmental impact could result from the plaintiff's actions, a denial of the application was justified for this reason.

---

[7] "The questions in *Huck* [v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 547, 525 A.2d 940 (1987),] covered as here, the septic system, the nature of the lot, the soils and the proposed fill. . . . The commission members in the present case viewed the site, a factor the Supreme Court considered important. 'Knowledge obtained through personal observations of the locus may properly be considered by the agency in arriving at reasons given for its denial.' " *Kaeser* v. *Conservation Commission,* 20 Conn. App. 309, 316, 567 A.2d 383 (1989).

The agency gave its reasons for denying the plaintiff's application and we find, in our review of the record, that one reason was supported by substantial evidence. Having so concluded, we need not review the record further to determine whether the other reasons were also supported by substantial evidence.

The judgment is affirmed.

In this opinion the other judges concurred.