[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on an appeal by the plaintiff from a decision of the defendant, Redding Conservation Commission ("Commission"), denying plaintiff's application to construct a house, septic system and driveway within the limits of inland wetlands and to relocate an existing watercourse.
There does not appear to be any dispute on the procedural course prior to the hearing held before the court on February 7, 1994. Suffice it to say that the plaintiff alleges aggrievement and that the denial was illegal, arbitrary and an abuse of discretion and constituted a taking of plaintiff's property.
Connecticut General Statutes, Sec. 22a-42 enables the Commission as an Inland Wetlands Agency.
The subject of this appeal is a small unimproved landlocked parcel of approximately one (1) acre bisected by a 5 foot stream. Approximately one-third of the southeast corner consists of wetland and the stream. The parcel is forested with mature hardwoods and hemlocks.
The subject parcel is one of four lots created by a 1920 subdivision. The lot as well as the other lots are secured by a 40 foot right-of-way running along the westerly edge of said lots. The Redding Land Trust ("Trust") maintains a trail over the right-of-way in order to provide access to an area known as Devil's Den. A substantial portion of the right-of-way is CT Page 4264 wetlands.
Prior to purchasing the parcel on September 8, 1992, the plaintiff had applied twice, as a contract purchaser, to conduct activities on the subject lot, including construction of a driveway over the right-of-way and the erection of a building on the property. He was unsuccessful in both of these pursuits. In spite of this, the plaintiff purchased the property and filed the present application. The plaintiff seeks a license to construct a 400 foot driveway over the right-of-way, most of which will be within the wetlands. Further, plaintiff seeks to move 100 linear feet of existing stream and to construct a three bedroom house and septic system with pump station and leaching fields within 100 feet of the wetland areas.
The Commission, after appropriate hearings, voted unanimously, with one abstention, to deny the application without prejudice.
The parties stipulated in court to the facts constituting aggrievement. The court, therefore, finds that the plaintiff is an aggrieved party.
The appeal has been timely, within the requirement of Connecticut General Statutes, Sec. 22a-43 and Sec. 8-8(b).
"The plaintiff's burden in challenging the action of the [inland wetland] agency in denying the application, is to show that the agency acted arbitrarily, illegally or that the decision is not reasonably supported by the evidence Lovejoy v. Water Resources Commission, 165 Conn. 224, 228-29, 332 A.2d 108
(1973)." Madrid Corporation v. Inland Wetlands Agency, 25 Conn. App. 446,449, 594 A.2d 1037, cert. denied, 220 Conn. 915,597 A.2d 334 (1991). In reviewing an administrative agency's decision, the trial court may not substitute its judgment for that of the administrative tribunal. Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-73, 538 A.2d 1039 (1988). The review of a decision of an inland wetlands commission is limited to the record. Gagnon v. Inland Wetlands Watercourses Commission, 213 Conn. 604, 609, 569 A.2d 1094 (1990); Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 539; Madrid Corporation v. Inland Wetlands Agency, supra, 449.
The Supreme Court has established the proper standard of review for a trial court hearing the appeal of an inland wetlands CT Page 4265 agency's decision pursuant to General Statutes, Sec. 22a-43:
 The agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given. [Citations omitted.] The evidence, however, to support any such reason must be substantial; `[t]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency.' [Citations omitted.] . . . . `The reviewing court must take into account [that there is] contradictory evidence in the record . . . but the `possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . . .'
 We have said that an administrative agency is not required to believe any witness, even an expert, nor is it required to use in any particular fashion any of the materials presented to it so long as the conduct of the hearing is fundamentally fair.
(Citation omitted.) Huck v. Inland Wetlands Watercourses Agency, supra, 539-42; see also Madrid Corporation v. Inland Wetlands Agency, supra, 448. "Substantial evidence will be found to exist . . . if the record affords a substantial basis from which the fact in issue can reasonably be inferred." Madrid Corporation v. Inland Wetlands Agency, supra, 448.
In support of his position, the plaintiff argues as follows:
1. The decision is unsupported by the record.
2. The decision was an abuse of discretion because of conflicts of interest.
3. The decision was an abuse of discretion because the Commission prejudged the application.
4. The decision was an abuse of discretion because it constituted an unlawful taking of the plaintiff's property without just compensation.
The Commission cites as one of the reasons for its denial was the considerations of its engineering consultant, James MacBroom. The record reveals that MacBroom felt that the activities planned by the plaintiff were regulated activities and that these activities were substantial activities for such a small area. Further, there were no provisions for erosion controls nor for CT Page 4266 controlling the quality and quantity of driveway runoff, and that the runoff would flow directly into the wetlands with little opportunity for infiltration or renovation.
The court need not cite all of the considerations of MacBroom, suffice it to say that there were many and that they were substantial. In addition to those already indicated, MacBroom criticized the plans in regard to erosion and drain control, overly simplistic assumptions which were made, a low friction coefficient and constant bed slope.
He finally concluded that the activity was within 150 feet of the wetlands and that the soil had a high seasonal water table that would interfere with the proposed leaching field.
The report recommended a smaller dwelling or the use of water conservation equipment.
Several witnesses also stressed the impact of the proposed activities on the larger wetland system. See Madrid Corporation v. Inland Wetlands Agency, supra, 450-51. The evidence echoed the concerns expressed by MacBroom.
Finally, the Commission found that feasible and prudent alternatives existed.
The record contains ample evidence in support of the Commission's position.
The second position of the plaintiff deals with a conflict of interest claim.
General Statutes, Sec. 22a-42(c) dictates:
 No member or alternate member of . . . [any inland wetland agency] shall participate in the hearing or decision of such board or commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense.
Personal interest has been defined as:
 either an interest in the subject matter or a relationship with the parties before the zoning authority impairing the impartiality expected to characterize each member of the zoning authority. A personal interest can take the form of favoritism toward one party or hostility CT Page 4267 toward the opposing party; it is a personal bias or prejudice which imperils the open-mindedness and sense of fairness which a zoning official in our state is required to possess.
Anderson v. Zoning Commission, 157 Conn. 285, 290-91, 253 A.2d 16 (1968).
The decision as to whether a particular interest is sufficient to disqualify is a factual one and depends upon the circumstances of each particular case. See Cioffoletti v. Planning Zoning Commission, 209 Conn. 544, 554 (1989). Our court has indicated that the barometer is or test is not whether a personal interest does, in fact, conflict but whether it reasonably might conflict. (Emphasis added.)
It is the court's province to assess the credibility of witnesses so as to determine whether disqualification is warranted.
The plaintiff argues that by virtue of membership in the Land Trust, commissions owed an allegiance to the Land Trust which conflicted with their duties as Commission members.
The record does not indicate that the commissioners were trustees or had an ownership interest in the Land Trust at the time of the hearing. Neither does that record indicate what membership in the Land Trust entails. Anyone can become a member by paying a $5 fee.
In support of its argument, plaintiff cites Luf v. Southbury Zoning Commission, Superior Court, Judicial District of Waterbury, Docket No. 066095 (December 6, 1984).
Luf is clearly distinguishable from the present case. There, the commissioner was a resident and owner of a condominium in the condominium association which submitted the application. There is no showing, in the present case, of any pecuniary or personal interest.
It is further argued that Commissioner Hill's participation in establishing the Land Trust constitutes a conflict. This argument is equally unpersuasive.
The plaintiff's third argument alleges that the dual role of the Commission as regulator of wetland activities and preserver and manager of open spaces constitutes a conflict. The CT Page 4268 Commission, however, is statutorily authorized to act as an inland wetlands agency. General Statutes, Sec. 22a-42(c) provides that "each municipality shall establish an inland wetlands agency or authorize an existing board or commission to carry out the provisions of . . . [the Inland Wetlands and Watercourses Act]." (Emphasis added.) The Commission, in its capacity as an inland wetlands agency pursuant to General Statutes, Sec. 22a-42(c), has a duty to consider only those factors, as set forth in General Statutes, Sec. 22a-41, which affect wetlands or watercourses located within its territorial limits and grant, deny, or limit any permit for a regulated activity. Connecticut Fund for the Environment, Inc. v. Stamford, 192 Conn. 247, 250, 470 A.2d 1214 (1984). Also, "[t]here is a strong presumption of regularity in the proceedings of a public body such as a municipal . . . [land regulatory body]." Murach v. Planning Zoning Commission, 196 Conn. 192,205, 491 A.2d 1058 (1985).
The record contains substantial evidence that the decision of the Commission was based solely on its concerns for proper wetlands management.
The plaintiff has clearly failed to sustain his position that various conflicts existed and that those conflicts affected the Commission's decision.
The plaintiff's claim of prejudgment focuses on various statements made by several of the commissioners regarding the possibility of acquiring an easement through another lot in order to provide an alternative access which would not impact the wetlands. The plaintiff argues that it is apparent from the comments of the commissioners that the real reason for the denial was the Land Trust had not obtained the other lot and the Commission, therefore, had no intention of approving the application under any circumstances which placed the driveway on the right-of-way.
Where it is claimed that a commission or agency prejudged its decision, the decisive issue is whether the commissioners actually had made up their minds prior to the public hearing, regardless of any arguments that might have been advances at the hearing. Cioffoletti v. Planning Zoning Commission, supra, 555, citing Furtney v. Zoning Commission, 159 Conn. 585, 594,271 A.2d 319 (1970). "This issue involves a question of fact and the burden of proving the illegality was on the plaintiffs." CT Page 4269 Cioffoletti v. Planning Zoning Commission, supra, 555. The trial court is entitled to hear additional proof in order to determine a claim of predisposition or prejudgment. Id., 556.
In Cioffoletti, the plaintiffs relied only on certain statements made during the hearing to argue that the commissions prejudged the application. The court held the comments relied upon were all made during the hearing and/or in the discussions preceding the vote of upon the application. They do not, therefore, indicate any predisposition that would have disqualified the members before the hearing. Id., 555. Similarly, the plaintiff in this case offers no evidence in support of his prejudgment argument other than the statements made by the Commissioners during the course of the hearing.
The final argument of the plaintiff concerns the claim that the denial of the application amounts to an unconstitutional taking of his property without just compensation.
This is a premature argument. The action of the Commission cannot be determined to be a final decision depriving the plaintiff of the use of his property because the plaintiff has not shown that the land cannot be used for any other purpose.
Our Appellate Court in Hoffman v. Inald [Inland] Wetlands Commission, 28 Conn. App. 262, 268-69 (1992) said:
 The test for determining whether a taking has occurred cannot be resolved on the basis of the denial of a single application, as in this case, or even the denial of multiple applications. Gil v. Inland Wetlands Agency, supra, Instead, the reviewing court must first establish that there was a final authoritative decision by a commission and then conduct a two-pronged analysis. That analysis must result in two conclusions. First, the landowner's expectation of development must be found to be factually reasonable and second, the denial of the application must constitute a taking either as a practical confiscation of property or by application of a balancing test. Id. It is the plaintiffs' burden to prove that there was a final authoritative decision, that the expectation for development was reasonable and that the property cannot be used for any reasonable purpose or that the denial of a permit caused the owner great economic deprivation without a significant public benefit. D'Addario v. Planning Zoning Commission, 25 Conn. App. 137, 147-48, 593 A.2d 511 (1991).
The plaintiffs claim that there was an unconstitutional taking of CT Page 4270 their property because the denial of their application for a permit rendered the property useless. Before that claim is reached, the plaintiffs must show that they have been finally deprived by the commission of their use of the property. Gil v. Inland Wetlands Agency, supra; Manor Development Corporation v. Conservation Commission supra; Brecciaroli v. Commission of Environmental Protection, 168 Conn. 349, 362 A.2d 948 (1975); Vartelas v. Water Resources Commission, 146 Conn. 650, 153. A.2d 822 (1959).
The plaintiff argues that the Commission's denial of two previous applications indicates and supports his position that the third denial constitutes a final decision in that the Commission has no intention of every approving an application. The record does not support the plaintiff's charge. It is the plaintiff's burden to show no feasible or prudent alternative exists. In fact, the Commission offered an alternative access.
There is no indication on the record that the previous denials mean that a less ambitious application will meet the same fate.
For the reasons given by the court, the appeal is dismissed.
Mihalakos, J.