[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
John Harkins, Jr, a supernumerary police officer in the Town of CT Page 14849 Seymour, filed a complaint with the defendant, Freedom of Information Commission ("FOIC"), alleging that the plaintiff, Town of Seymour, Board of Police Commissioners ("Board"), held a meeting without actual notice and illegally addressed in executive session a matter that was not properly scheduled. Harkins alleged that the Board considered, without proper notice, the matter of job performance and possible termination and that the Board had these discussions in executive session without his prior knowledge or consent. The FOIC heard Harkin's complaint as a contested matter on March 3, 1999. Commissioner Norma Reiss presided as hearing officer.
The administrative record sets forth the following factual background. Harkins had previously filed complaints against the Chief of Police as well as certain police lieutenants. On or about November 30, 1998, Harkins filed a complaint with the Chief of the Seymour Police Department against Lieutenant Fred Watton alleging that Watton had tried to intimidate him by "bumping the complainant down a hallway with his stomach." (Return of Record ("ROR"), Item 16, p. 133.) An investigation was conducted by the Seymour Police Department. The Chairman for the Town telephoned Lt. Watton and informed him that the complaint would be discussed at the December 17, 1998 meeting and asked Lt. Watton whether he preferred that discussion be held in executive session. Harkins was informed that his complaints were on the agenda for the meeting of December 17, 1998. The subject of Harkins' conduct as a police officer or his termination was not on the agenda and he was never given any other notice that his conduct and possible termination would be discussed.
The Chairman prepared the agenda for the December 17, 1998 meeting and included item number 6b "Officer's morale and/or complaints." At the December meeting, item 6b was considered by the Board, who voted unanimously to convene in executive session for the purpose of discussing Hawkins' complaint. After five minutes, the discussion of Harkins' complaint concluded with the Board taking no action. Rather than concluding the executive session and opening the meeting to the public, the Board commenced an unannounced review of Harkins' conduct. Harkins was not afforded an opportunity to choose a public session nor was Harkins even provided with a statement of charges against him.
In its decision, the FOIC found that the Board did not provide Harkins with notice that his job performance would be discussed in executive session and denied him an opportunity to request that the discussion be held at the open meeting in violation of General Statutes § 1-200
(6)(A). The FOIC found that the Board failed to state the reasons for the executive session and that the Board's minutes did not indicate the presence of their counsel during their executive session. The FOIC declared the actions taken by the Board, in dismissing Harkins at the CT Page 14850 December 17, 1998 meeting, null and void and penalized the Chairman $50.
In the present appeal, the plaintiff does not dispute many of the findings of the FOIC. Rather, the plaintiff contends that the FOIC improperly ordered the actions of the Board null and void under General Statutes § 1-206 (b)(2), which allows the FOIC to declare null and void any action taken at any meeting which a person was denied the right to attend, and that the FOIC found that Hawkins was not denied the right to attend the meeting at which he was terminated.
The plaintiffs claim does not pass muster. Subsection (b)(2) of General Statutes § 1-206 also makes clear that the FOIC may confirm the action of the agency or order them to provide relief that the FOIC, in its discretion, believes appropriate to rectify denial of any right conferred by the Freedom of Information Act ("FOIA").
Appeals under General Statutes § 1-206 (d) are governed by the standard of review set forth under the Uniform Administrative Procedure Act ("UAPA"), § 4-183 of the General Statutes. Lebanon v. Wayland39 Conn. Sup. 56, 58 (1983). The court reviews the issues in accordance with the limited scope of judicial review afforded by the UAPA. Dolgnerv. Alander, 237 Conn. 272, 280 (1996). The scope of permissible review is governed by General Statutes § 4-183 (j) of the UAPA and is very restricted. Cos Cob Volunteer Fire Co. No. 1., Inc. v. FOIC, 212 Conn. 100,104 (1989); New Haven v. Freedom of Information Commission, 205 Conn. 767,774 (1988). The court may not retry the case or substitute its judgment for that of the agency. C. H. Enterprises, Inc. v. Commissioner ofMotor Vehicles, 176 Conn. 11, 12 (1973). "The conclusion reached by [an administrative agency] must be upheld if it is legally supported by the evidence . . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the [agency], [the court] cannot disturb the conclusion reached by [the agency]. Hart Twin Volvo Corporation v. Commissioner ofMotor Vehicles, 165 Conn. 42, 49, 327 A.2d 588 (1983). See PaulBailey's, Inc. v. Kozlowski, 167 Conn. 493, 496-97, 356 A.2d 114
[(1975)]." (Citations omitted; internal quotation marks omitted.)Lawrence v. Kozlowski, 171 Conn. 705, 708 (1976), cert. denied, 431 U.S. 969
(1977). "Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion . . . ." (Citations omitted.) Dolgner v. Alander, supra, 237 Conn. 280-81. An examination of the record makes it clear that the substantial rights of Mr. Hawkins were prejudiced by actions of the Seymour Board of Police Commissioners.
The FOIC did order relief, which in its discretion it deemed CT Page 14851 appropriate to remedy the plaintiffs denial of the rights of Mr. Harkins. The language used in § 1-206 (b)(2) is plain and unambiguous, there is no room for construction by this court and the statute should be applied as its words direct. Lebanon v. Wayland supra, 39 Conn. Sup. 58.
It is important that § 1-206 (b)(2) not be narrowly construed. Connecticut courts have consistently held that they will not torture the language of a statute to render a result that is bizarre and contrary to the intention of the Connecticut legislature. Connecticut Human Rightsand Opportunities v. Sullivan Associates, 250 Conn. 763 (1999). To adopt the plaintiffs strained logic would subvert the purpose the legislature sought to achieve. Badoslato v. New Britain 250 Conn. 753 (1999). When the FOIC ultimately ordered null and void the action of the Board, the FOIC was acting with the specific statutory authority in the subsection (c) of General § 1-206, which provides an entirely independent basis for determining the plaintiffs actions null and void, where the notice of the meeting is improper under § 1-225 (a).
The plaintiffs only theory for justifying the adequacy of the notice is that the agency listed item number 6b "officer morale and/or complaints" and the discussion of Harkins' attendance flowed naturally from the investigation of Lt. Watton's conduct. But the record makes clear the agenda item was to consider Lt. Watton's conduct not that of Harkins.
The action of the Board of Police Commissioners was in complete disregard to the concept of notice and was a blatant attempt to conduct its business behind closed doors all to the detriment of the public and more particularly to Harkins.
In the present case, the FOIC's findings and determinations are fully supported by substantial evidence in the record and by existing case law. Accordingly, the plaintiffs appeal is dismissed.
OWENS, J.