DOROTHY GAGNON v. INLAND WETLANDS AND WATER-
COURSES COMMISSION OF THE TOWN OF
BRISTOL ET AL.
(13821)

PETERS, C. J., SHEA, COVELLO, HULL and SANTANIELLO, Js.

Argued December 13, 1989—decision released February 6, 1990

*Alfred F. Morrocco, Jr.,* with whom was *Roger E. Chiasson II,* for the appellants (defendant Jon Pose et al.).

*JoAnn Paul,* for the appellee (plaintiff).

HULL, J. The sole issue in this administrative appeal is whether the Superior Court is required to search the record of an inland wetlands commission hearing to determine if there is an adequate basis for the action taken by that commission, where the commission failed to state upon the record the reason for its decision. We hold that the long established rule requiring such a search of the record in appeals from planning and zoning authorities applies with equal force to an appeal from an inland wetlands commission. Accordingly, we conclude that the trial court erred in sustaining the plaintiff's appeal from the decision of the inland wetlands commission on the sole ground that the commission failed to state upon the record the reason for its decision.

On April 6, 1988, the individual defendants Jon Pose, Dominic Pietrofesa, Josephine Pietrofesa and James Session filed an application for a wetlands permit with the wetlands commission of the city of Bristol.[1] The applicants wanted to subdivide their real estate. The city planning commission required that a report from the wetlands commission be attached to the subdivision application. Hearings on this matter were held on April 25 and May 16, 1988, by the wetlands commission, which approved the application following the latter hearing. The plaintiff, Dorothy Gagnon, thereafter appealed this decision to the Superior Court. The trial court examined the record of the hearings before the commission and found that the commission had not stated upon the record the basis for its approval of the application. On the basis of this reason solely the court sustained the plaintiff's appeal. The defendant Jon M. Pose

---

[1] The wetlands commission or agency is the Conservation Commission of the city of Bristol.

et al. (defendants) appealed from the judgment to the Appellate Court and we transferred the case to this court pursuant to Practice Book § 4023.

The defendants claim on appeal that the trial court erred by not searching the record of the April 25 and May 16, 1988 hearings to ascertain the basis for the commission's approval of the defendants' application. The defendants further claim that had the trial court adequately searched the record, it would have found sufficient reason to warrant approval of the application. We agree that the trial court's failure to search the record was error, and remand this case to the trial court for further proceedings to determine whether the record discloses adequate reasons for the commission's decision.

The defendants first contend that, in an appeal from a decision of an inland wetlands commission, a trial court must search the record of the hearings before that commission to determine the basis for the agency's decision. In support of this contention, the defendants rely entirely on case law mandating such a search in appeals from decisions of planning and zoning authorities. The basis for the defendants' reliance on these cases is the similarity in the language of the statutes governing inland wetlands agencies; General Statutes §§ 22a-42 through 22a-45; and the statutes governing planning and zoning agencies. General Statutes §§ 8-1 through 8-30a.

General Statutes § 22a-42a (d) provides in pertinent part: "In granting . . . any permit for a regulated activity the inland wetlands agency shall consider the factors set forth in section 22a-41, and such agency *shall state upon the record the reasons for its decision.*"[2]

---

[2] "[General Statutes] Sec. 22a-41. FACTORS FOR CONSIDERATION OF COMMISSIONER. FINDING OF NO FEASIBLE OR PRUDENT ALTERNATIVE. (a) In carrying out the purposes and policies of sections 22a-36 to 22a-45, inclusive, including matters relating to regulating, licensing and enforcing of

(Emphasis added.) Planning and zoning agencies are bound by similar statutory language: "Whenever such [zoning] commission makes any change in a regulation or boundary it shall state upon its records the reason why such change is made . . . "; General Statutes § 8-3 (c); "[w]henever a [zoning] commission grants or denies a special permit or special exception, it shall state upon its records the reason for its decision . . . "; General Statutes § 8-3c (b); "[w]henever a zoning board of appeals grants or denies any special exception or variance in the zoning regulations . . . it shall state upon its records the reason for its decision . . ."; General Statutes § 8-7; "[t]he grounds for [the planning commission's] action [concerning applications for subdivision approval] shall be stated in the records of the commission . . . "; General Statutes § 8-26; and "[w]henever a [planning] commission grants or denies a special permit or special exception, it shall state upon its records the reason for its decision." General Statutes § 8-26e.

Notwithstanding this statutory language, our case law clearly requires the trial court, in appeals from planning and zoning authorities, to search the record to

the provisions thereof, the commissioner shall take into consideration all relevant facts and circumstances, including but not limited to:

"(1) The environmental impact of the proposed action;

"(2) The alternatives to the proposed action;

"(3) The relationship between short-term uses of the environment and the maintenance and enhancement of long-term productivity;

"(4) Irreversible and irretrievable commitments of resources which would be involved in the proposed activity;

"(5) The character and degree of injury to, or interference with, safety, health or the reasonable use of property which is caused or threatened; and

"(6) The suitability or unsuitability of such activity to the area for which it is proposed.

"(b) In the case of an application which received a public hearing, a permit shall not be issued unless the commissioner finds that a feasible and prudent alternative does not exist. In making his finding the commissioner shall consider the facts and circumstances set forth in subsection (a). The finding and the reasons therefor shall be stated on the record."

determine the basis for decisions made by those authorities. In *Parks* v. *Planning & Zoning Commission,* 178 Conn. 657, 661–62, 425 A.2d 100 (1979), we said that "[t]he [planning and zoning] commission's failure to state on the record the reasons for its actions, in disregard of General Statutes § 8-3, renders appellate review more cumbersome, in that the trial court must search the entire record to find a basis for the commission's decision . . . . " We further stated that "[i]f *any* reason culled from the record demonstrates a real or reasonable relationship to the general welfare of the community, the decision of the commission must be upheld." (Emphasis in original.) Id., 662–63. We have enunciated this duty of a trial court with respect to appeals from zoning boards in a long line of cases. See, e.g., *A. P. & W. Holding Corporation* v. *Planning & Zoning Board,* 167 Conn. 182, 186, 355 A.2d 91 (1974); *Morningside Assn.* v. *Planning & Zoning Board,* 162 Conn. 154, 156, 292 A.2d 893 (1972).

The Appellate Court applied the same rule to a review of the decision of a zoning board of appeals in *Stankiewicz* v. *Zoning Board of Appeals,* 15 Conn. App. 729, 732, 546 A.2d 919 (1988). On certification to this court the issue was limited to the following question: "Did the Appellate Court err in concluding that if a zoning board gives *inadequate* reasons for granting a variance, as opposed to giving no reasons whatever, the trial court may search the record to determine whether basis exists for the action taken?" (Emphasis in original.) *Stankiewicz* v. *Zoning Board of Appeals,* 211 Conn. 76, 77–78, 556 A.2d 1024 (1989). We affirmed the Appellate Court's opinion, per curiam. Id.

Finally, in *Kaeser* v. *Conservation Commission,* 20 Conn. App. 309, 311, 567 A.2d 383 (1989), the Appellate Court considered exactly the same issue as that raised in this case. The plaintiffs in *Kaeser* appealed from the judgment of the trial court dismissing their

appeal from the decision of the conservation commission of the town of Easton, acting as the local inland wetlands agency. Id., 310. The plaintiffs claimed that the reason given by the conservation commission for denying the plaintiffs' application was merely a conclusory statement and not a reason for denying a permit. Id., 311. In upholding the trial court's judgment, the Appellate Court said that "[e]ven if that were so, the reviewing court may ' "search the record for reasons to support the agency's decision." ' " Id., quoting *Huck* v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 541, 525 A.2d 940 (1987). Later in *Kaeser,* the Appellate Court fortified its statement that the reviewing court may search the record by stating that "[a] reviewing court *is required* to search the record for reasons . . . . " (Emphasis added.) *Kaeser* v. *Conservation Commission,* supra, 312.

The plaintiff nonetheless argues that the case law regarding appeals from planning and zoning authorities is not applicable to the present case. The principal argument set forth by the plaintiff is that the inland wetlands review process is sufficiently distinct from the zoning approval process to warrant a strict adherence to the controlling statutes.[3] The plaintiff first points out that General Statutes § 8-8 provides that there shall be no right to further review from a decision of a zoning board of appeals except to the Appellate Court by certification for review, and that there is no comparable statute restricting appeals from decisions of inland

---

[3] The plaintiff also claims that the statute imposes upon the commission a mandatory duty to state upon the record the reason for its decision. This argument flies in the face of *Morningside Assn.* v. *Planning & Zoning Board,* 162 Conn. 154, 156, 292 A.2d 893 (1972), in which we stated: "While . . . a failure to comply with [General Statutes] § 8-3 [requiring a zoning board to state upon its records the reasons why such a change is made] hinders appellate review of the board's action . . . the provision is directory only so that failure to comply with it does not render the board's action void."

wetlands agencies. We fail to see the relevance of this argument to the issue before us. This claim is a distinction without a difference.

The plaintiff next emphasizes that General Statutes § 22a-42a (d) requires an inland wetlands agency to consider the factors set forth in General Statutes § 22a-41 (a) in reaching a decision to grant, deny or limit a permit for activity in a regulated area. The plaintiff argues that, by contrast, none of the statutory sections governing zoning contains a mandate that a zoning agency make such specific findings as part of its decision-making process. We are not persuaded by this distinction. The factors governing decisions by the planning and zoning agencies are at least as specific and weighty as those applicable to inland wetlands agencies. See, e.g., General Statutes § 8-2, criteria for adoption of regulations by a zoning commission; General Statutes § 8-6, powers and duties of boards of appeals; General Statutes § 8-23, criteria for a plan of development by a planning commission; General Statutes § 8-25, criteria for consideration of a subdivision of land by a planning commission.

Finally the plaintiff cites as authority for her position 1987 legislative history concerning the debate on the 1987 amendments to the Inland Wetlands and Watercourses Act that demonstrates "the legislature's deep concern about wetlands management and its intent to strengthen the present Inland Wetlands and Watercourses Act." We conclude, however, that a more persuasive aspect of legislative history is the failure of the legislature to pass legislation vitiating our long established line of authority requiring the trial court on administrative appeals from land use agencies to search the record for reasons supporting the agency's decision. *Ralston Purina Co.* v. *Board of Tax Review,* 203 Conn. 425, 439, 525 A.2d 91 (1987).

We agree for three reasons with the position articulated by the defendants that in an appeal from a decision of an inland wetlands commission, a trial court must search the record of the hearings before that commission to determine if there is an adequate basis for its decision. First, the planning and zoning cases described above furnish a very compelling analogy for the application of the same rule to cases involving the Inland Wetlands and Watercourses Act. Second, the use of language concerning the inland wetlands agency's duty to state the reason for its decision on the record that is either identical to or very similar to language we have cited concerning other land use agencies lends great weight to the view that a similar rule should apply to an inland wetlands agency. The most cogent argument, however, is the public policy argument that a local land use body is composed of laymen whose procedural expertise may not always comply with the multitudinous statutory mandates under which they operate. The case law requiring the trial court on appeal to search the record for the agency's reason for its decision is a practical and fair reaction to this scenario. We conclude that the court erred in sustaining the plaintiff's appeal because the inland wetlands commission did not state on the record the reasons for its decision.

Having found error in the trial court's failure to search the record, we must address the defendants' contention that, had the trial court adequately searched the record, it would have found that sufficient reason existed to warrant approval of the application. The case is in an unusual procedural posture with respect to this claim. While the trial court's memorandum of decision drew certain factual conclusions from the record, we are unable to ascertain whether the court searched the entire record for reasons that might sustain the

agency's decision, because the court short-circuited its review of the record when it sustained the appeal due to the commission's failure to state its reasons upon the record. The memorandum of decision is likewise devoid of any conclusion as to the adequacy of any such reason that the court may have found.

There is error, the judgment sustaining the plaintiff's appeal is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.