[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Introduction
The plaintiff appealed to the trial court from a decision by the defendant inland wetlands and watercourses commission of the town of Bristol (commission) approving an application filed by the individual defendants. The trial court rendered judgment sustaining the plaintiff's appeal on the ground that the commission failed to state on the record the reason for its decision.
In Gagnon v. Inland Wetland and Watercourses Commission of the Town of Bristol, et al., 213 Conn. 604, our Supreme Court held that the long established rule requiring such a search of the record in appeals from planning and zoning authorities applies with equal force to an appeal from an inland wetlands commission.
Accordingly, the matter was remanded to a trial court for further proceedings to determine whether the record discloses adequate reasons for the commission's decision.
In the event of a jurisdictional question, this court adopts CT Page 2022 the finding of aggrievement of the initial trial court.
Issue: Whether the record before the commission discloses adequate reasons for the commission's decision.
A review of C.G.S. 22a-42a(d) provides in relevant part that in granting, denying or limiting any permit for a regulated activity the inland wetlands agency shall consider the factors set forth in C.G.S. 22a-41. A review of C.G.S. 221-41(b) reads as follows:
 In the case of an application which received a public hearing, a permit shall not be granted unless the commissioner finds that a feasible and prudent alternative does not exist. In making his finding the commissioner shall consider the facts and circumstances set forth in subsection (a). The finding and the reasons therefor shall be stated on the record. (emphasis added).
The commission made no finding that a feasible and prudent alternative does not exist.
In view of our Supreme Court's ruling in this case, Gagnon, supra, this court, in the absence of stated reasons, will review the record for factual findings.
A review of the record reveals no mention of any alternatives whatsoever.
The court is acutely aware that the members of most administrative agencies are lay persons not versed in matters of law; however, this condition does not justify proceedings which are completely devoid of any semblance of compliance with the statutory requirements.
In this case a public hearing was held. The statutory language of C.G.S. 22a-41 (b) is clear and unambiguous. The word "shall" must be assumed to have been used with full awareness of its ordinary meaning.
In light of the record being devoid of any mention of the non-existence of feasible and reasonable alternatives, the statutory mandate has not been met.
The appeal is sustained.
MIANO, J. CT Page 2023