[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
Plaintiffs, pursuant to General Statutes, 22a-43, appeal a decision of the defendant North Haven Inland and Wetlands Commission ("commission") approving the application (#88-9) of defendant Paul J. Rebeschi Construction, Inc. ("Rebeschi") to build a road and culverts over "existing wetland and watercourse" in the vicinity of Ridge Road and Blue Hills Road in the Town of North Haven. Plaintiffs allege that the action of defendant commission was illegal, arbitrary and in abuse of its discretion.
On July 29, 1988 the court, (Dorsey, J.) found plaintiffs Yates aggrieved. On May 19, 1990 supplemental testimony was taken pursuant to plaintiffs' motion to present additional evidence.
II CT Page 2029
Defendant commission derives its authority from General Statutes, 21-42. Said commission was established to carry out the provisions of General Statutes, 22a-36 through 22a-45, inclusive, "The Inland Wetlands and Watercourses Act." The commission issued the permit at issue here pursuant to General Statutes 22a-42a. The plaintiffs allege that the defendant commission acted illegally, arbitrarily and in abuse of its discretion in that:
a) the commission made no finding that a feasible and prudent alternative [to the proposed regulated activity] does not exist, as required by General Statutes, 22a-41 (b);
b) there is no evidence the defendant commission considered the factors enumerated in General Statutes, 22a-41 in granting the permit at issue, which consideration is mandated by General Statutes 22a-42a(d); as well as by 6.1D of the commission's regulations;
c) the commission failed to state upon the record the reason for its decision, as required by General Statutes, 22a-42a(d) as well as by 7.1 of the commission's regulations.
d) there was impropriety in the voting on defendant Rebeschi's application, in that two commissioners (Messrs. Gambardella and Viens) were absent from the public hearing of March 23, 1988 and yet voted on the application on April 27, 1988, "nor was there evidence said commissioners familiarized themselves with the evidence adduced at the public hearing of March 23."
 III
General Statutes, 22a-41 provides in pertinent part:
"(b) In the case of an application which received a public hearing, a permit shall not be issued unless the [commission] finds that a feasible and prudent alternative does not exist."
When, as here, a commission fails to make an explicit finding the court must examine the record to determine if an adequate basis for the commission's action existed. Gagnon v. Inland Wetlands Watercourses Commission, 213 Conn. 604, 605. Here, the record reflects that ample consideration was given to at least two alternatives (Transcript, 4/27/88, pp. 10ff). There is sufficient evidence in the record to support a finding that "a feasible and prudent alternative" to the proposed intrusion "does not exist."
IV CT Page 2030
With regard to the factors for consideration listed in General Statutes 22a-41 (a) Gagnon, supra, again controls. Where, as here, the commission does not explicitly indicate the statutory factors were considered the court must search the record and "[i]f any reason culled from the record demonstrates a real or reasonable relationship to the general welfare of the community, the decision of the commission must be upheld. Gagnon, supra, at 608, quoting from Park v. Planning Zoning Commission, 178 Conn. 657,662-662. In the course of both public hearings, the "pros and cons" of the proposed project were debated earnestly and the statutory factors were addressed in substance, if not in the precise statutory language. Plaintiffs have failed to prove that the defendant commission failed to consider the factors enumerated in General Statutes, 22a-41.
 V
Plaintiffs' claim that defendant commission's action is illegal by virtue of its failure to state upon the record the reason for its decision must fail. See Gagnon v. Inland Wetlands and Watercourses Commission, supra at 609, fn. 3, quoting from Morningside Assn. v. Planning Zoning Board, 162 Conn. 154, 156: ". . . the provision [requiring zoning board to state upon the record the reasons for its decision]" is directory only so that failure to comply with it does not render the board's action void."
 VI
Regarding plaintiffs' allegation of improper voting, it is undisputed that commissioners Gambardella and Viens were not present at the March 23, 1988 public hearing. Both were present at the April 27, 1988 public hearing and voted in favor of the permit at issue.
A commissioner who does not attend a public hearing must not vote on any application unless he has sufficiently acquainted himself with the record. Grillo v. Zoning Board of appeals,4 Conn. App. 205. Here, the two commissioners attended the hearing of April 27th which consumed some four hours, largely devoted to the subject application. This hearing covered much of the same ground as did the hearing of March 23, 1988, with applicant's engineer recapitulating his earlier testimony and expanding on the issue of alternatives. Members of the public voiced concerns. Defendant Rebeschi's proposal was discussed at length. Moreover, both commissioners were present at the meeting of February 24, 1988, when the subject application was discussed, questions asked of the applicant and members of the public commented. In addition, plaintiffs were permitted to present supplemental testimony and both commissioners testified on the issue of their CT Page 2031 acquainting themselves with the record. The burden is on the plaintiffs to prove by a fair preponderance of the evidence that the two commissioners failed sufficiently to acquaint themselves with the record. The plaintiffs have failed to sustain this burden.
 VII
This court is not required or empowered to determine the wisdom or desirability of defendant commission's action but its legality. The plaintiffs have failed to prove, by a fair preponderance of the evidence, that defendant North Haven Inland and Wetlands Commission acted illegally, arbitrarily and in abuse of its discretion in granting the application for permit of defendant Paul J. Rebeschi Construction, Inc.
Plaintiffs' appeal is dismissed.
Judgment accordingly may enter in favor the defendants.
John T. Downey, Judge