[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE. APPLICATION FOR PREJUDGMENT REMEDY (#113)
In this application, the plaintiff seeks an attachment of the real estate of the defendant to secure a judgment sought in a complaint alleging false misrepresentation, negligent and intentional infliction of emotional distress.
The court held a hearing on June 18, 1991 and heard testimony from the plaintiff and his caretaker. The plaintiff also offered as exhibits a death certificate of Scott A. Van Duen and several medical and hospital reports.
The court finds that there is probable cause to believe the following facts would be established at trial.
The plaintiff and the defendant had a homosexual relationship from January 1987 to March 1990. The defendant had had a similar relationship with a Scott A. Van Duen who had died in New Haven in August 1986. The plaintiff was aware of both the relationship and the death and visited the decedent's grave several times with the defendant. At the commencement of their relationship, the defendant told the plaintiff that the decedent had died of cancer. In November 1987, both plaintiff and defendant obtained tests for the HIV virus. The plaintiff's test result was negative, but the defendant refused to show his test results to the plaintiff.
The plaintiff had been treating at a hospital outpatient psychiatric clinic since July 1988 for such matters as depression and family of origin issues. In the fall of 1989, he consulted a physician in Meriden for a variety of complaints including chest pains, generalized fatigue and weight loss.
In January 1990, the plaintiff obtained a copy of the death certificate of Mr. Van Duen. (Ex. A). Therein the cause of death is listed as cardiopulmonary arrest as the immediate causer with AIDS pneumonia as a significant condition.
When the plaintiff discovered the death certificate, he angrily confronted the defendant and asked why the defendant had concealed this fact from him. The defendant replied that he knew the plaintiff would react as he had, and would have nothing further to do with him. At the outset of the relationship, the plaintiff and defendant had in fact discussed the problem of AIDS. CT Page 9880
After the disclosure, the relationship terminated. The mental stress increased, in past due to the concern of the plaintiff that the physical maladies he had been suffering were AIDS related; e.g., thrush, weight loss, skin lesions, etc. He was ultimately hospitalized for a time. It would be reasonably foreseeable that the fear of contracting AIDS would result in bodily illness.
The operative complaint at the time of the application contained counts of misrepresentation, and negligent and intentional infliction of emotional distress.
At a hearing on an application for a prejudgment remedy, the plaintiff has the burden to establish that there is probable cause to sustain the validity of the claim; see discussion in New England Land Co., Ltd. v. DeMarkey, 213 Conn. 610, 612.
"The legal idea of probable cause is a bona fide belief in the existence of the facts under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances in entertaining it." Wall v. Toomey, 52 Conn. 35, 36.
"The court's role in such a hearing is to determine probable success by weighing probabilities." Three S. Development Co. v. Santore, 193 Conn. 174, 175-176.
As to the claim of false misrepresentation, the court has previously upheld such claim against a motion to strike. See Memorandum of Decision (#107). The court finds that there exists a factual basis to support such claim and that there exists the probability of proving such in pursuing said claim.
As to the claim of negligent infliction of emotional distress, the plaintiff has the burden of pleading and establishing that the defendant should have realized that his conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm. Morris v. Hartford Courant Co.,200 Conn. 676, 683, citing Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 345. The court finds that there is probable cause to believe that the plaintiff will prevail on its claim for unintentionally caused emotional distress.
As to the claim of intentional infliction of emotional distress, four elements must be established.
a. Intent to inflict emotional distress; or that the actor knew or should have known that emotional distress was a CT Page 9881 likely result of his conduct.
b. That the conduct was extreme and outrageous;
c. That the plaintiff's distress was caused by the defendant's conduct.
d. That the plaintiff's emotional distress was severe.
Petyan v. Ellis, 200 Conn. 243, 253, citing Murray v. Bridgeport Hospital, 40 Conn. Sup. 56, 62.
In Whelan v. Whelan, 41 Conn. Sup. 519, the court (Blue, J.) found that the allegation that the plaintiff's husband falsely told her that he had tested positive for AIDS stated a cause of action for intentional infliction of emotional distress (p. 521). The conduct alleged must be "so outrageous in character, and 80 extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.", p. 523 quoting from 1 Restatement (Second) Torts, 46, p. 73, comment (d).
In the instant matter, the claim is that the defendant concealed the cause of death of his former partner, and induced the plaintiff to enter the relationship, with the full knowledge that should the plaintiff discover the true cause of death after the relationship was established, the plaintiff would suffer emotional distress. The court is satisfied that evidence was offered to support each element of the tort. Accordingly, the court finds that probable cause exists that the claim of intentional infliction of emotional distress would be sustained. The prevalence and consequences of AIDS are so widely recognized in our society that an intentional, and uncommunicated exposure of another to the syndrome clearly falls with the conduct proscribed by the Restatement.
The prejudgment attachment may issue in the amount of Fifty Thousand Dollars ($50,000).
BURNS, J.