[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Clifford J. Gottier ("plaintiff"), appeals the decision of the defendant, Somers Zoning Commission ("Commission"), denying the plaintiff's application for a special use permit.
The plaintiff is the owner of property located at 408 Billings Road in Somers, Connecticut.
The plaintiff filed an application for hearing, dated June 5, 1990, with the Commission to obtain a special use permit. The application sought authorization to operate a dog and cat grooming business on the plaintiff's property pursuant to Sections 2.02, 5.03 and table 4.056 of the Town of Somers, Connecticut Zoning Regulations.
On October 15, 1990, the Commission held a public hearing regarding the application.
On November 5, 1990, at a regular meeting of the Commission, the Commission denied the plaintiff's application by a vote of four to none, with one abstention. The plaintiff appeals that action.
In order to take advantage of a statutory right to appeal from an administrative agency, there must be strict compliance with the statutory provisions which created the right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to CT Page 9505 dismissal. Id. General Statutes Section 8-9 provides that an appeal from a zoning commission may be taken to the superior court in accordance with Section 8-8. See General Statutes Section 8-9 (Rev. to 1989) and Section 8-8 (Rev. to 1989, as amended by Conn. Pub. Acts Nos. 89-356, Section 1 (1989) and 90-286 Sections 1, 2, 9 (1990)).
 General Statutes Sections 8-8 and 8-9 permit appeals from a decision of a . . . zoning commission only by one "aggrieved" by a contested decision. . . . [C]ompliance with the aggrievement requirement encompasses a two fold test. "First, the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specifically and injuriously affected by the decision."
Primerica v. Planning Zoning Commission, 211 Conn. 85, 92-93,558 A.2d 646 (1989), quoting Hall v. Planning Commission, 181 Conn. 442,444, 435 A.2d 975 (1980). The plaintiff is the owner of the tract in issue. The owner of the property is "certainly aggrieved by the action" of the Commission. Bosert Corporation v. Norwalk, 157 Conn. 279,285, 253 A.2d 16 (1968); see also Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 308, ___ A.2d ___ (1991) (Partner of partnership which owned lot in subdivision for which resubdivision approval was sought was aggrieved). It is therefore found that the plaintiff is aggrieved.
 [A]ny person aggrieved by any decision of a [zoning commission] may take an appeal to the superior court. . . . The appeal shall be commenced by service of process [upon the chairman or clerk of the zoning commission and on the clerk of the municipality] within fifteen days from the date that notice of the decision was published. . . .
General Statutes Section 8-8 (b) (Rev. to 1989, as amended). Notice of the Commission's decision was published on November 19, 1990. The Chairman of the Commission and the Town Clerk were served on November 29, 1990, within the fifteen-day appeal period. (Complaint.) It is therefore found that the plaintiff's appeal is timely.
In his appeal of the Commission's denial of his application, the plaintiff's first contention is that the Commission failed to state the reason for its decision on its records in conformance with General Statutes Section 8-3c(b) and Regulation Section 5.03.08(c). General CT Page 9506 Statutes Section 8-3c(b) provides that "[w]henever a [zoning] commission grants or denies a special permit . . ., it shall state upon its records the reason for its decision." General Statutes Section 8-3c(b) (Rev. to 1989, as amended by Conn. Pub. Acts Nos. 89-356, Sections 12 (1989) and 90-230, Sections 12, 101 (1990). The failure of the zoning commission to do so does not invalidate its action.
 Notwithstanding this statutory language, our case law clearly requires the trial court, in appeals from planning and zoning authorities, to search the record to determine the basis for decisions made by those authorities. In Parks v. Planning Zoning Commission, 178 Conn. 657, 661-62, 425 A.2d 100 (1979), we said that "[t]he [planning and zoning] commission's failure to state on the record the reasons for its actions, in disregard of General Statutes Section 8-3, renders appellate review more cumbersome, in that the trial court must search the entire record to find a basis for the commission's decision. . . .
Gagnon v. Inland Wetlands Watercourses Commission, 213 Conn. 604,607-08, 569 A.2d 1094 (1990).
The plaintiff's second argument challenges the adequacy of the published notice of decision. Although a failure to publish the notice of decision renders the decision null and void, Akin v. Norwalk,163 Conn. 68, 74, 301 A.2d 258 (1972), "there is a lack of authority on the question of the adequacy of such a notice once published." Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276,281, 487 A.2d 559 (1985). The notice must meet a two-part test.
 The right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue.
Id., quoting Hubbard v. Planning Commission, 151 Conn. 269, 271-72,196 A.2d 760 (1963). There is no question that the notice of decision informed the plaintiff that there was a decision to appeal from; the plaintiff received a copy of the notice by certified mail on November 16, 1990, and the notice stated that "[t]he Somers Zoning Commission . . . denied Clifford Gottier's application for a home occupation to operate a dog grooming business at 408 Billings Rd."
In Bridgeport Bowl-O-Rama v. Zoning Board of Appeals, the notice of decision was held sufficient for the purposes of granting the plaintiff the opportunity to form an opinion as to whether the CT Page 9507 decision presents an appealable issue because it adequately disclosed the nature of the application by containing the following four items: the name and address of the applicant, the request of the applicant and the purpose of that request. Id., 278 n. 2, 279 n. 3, 282. It is submitted that the notice of decision in this case contains all these items. It is further submitted that the plaintiff, as applicant, has personal knowledge of the above four items. The notice of decision meets the two-part test of Bridgeport Bowl-O-Rama, Inc., and thus was adequate.
The plaintiff also argues that the notice of decision is invalid because of the failure of the clerk or secretary of the Commission to sign it pursuant to General Statutes Section 8-3c(b) (Rev. to 1989, as amended) and Section 5.03.08 of the Regulations. The notice is flawed but this flaw is not fatal. "[N]ot all flaws in the notice are fatal." Cocivi v. Plan Zoning Commission, 20 Conn. App. 705, 708,570 A.2d 226 (1990). "The purposes of the statutory postapproval publication are to give notice to interested parties of the decision and to commence the start of the appeal period." R.B. Kent Son, Inc. v. Planning Commission, 21 Conn. App. 370, 378, 573 A.2d 760 (1990); citing Akin v. Norwalk, 168 Conn. 68, 73, 301 A.2d 258 (1972).
In Carr v. Planning and Zoning Commission, the plaintiff challenged the adequacy of the notice of the Commission's decision to amend the Bridgewater Zoning Regulations. Carr v. Planning and Zoning Commission, 1 CSCR 749, 750 (September 10, 1986, Allen, J.). The alleged inadequacy was the lack of "the name of the Commission [and] the authentication . . . naming the chairman and secretary of the Commission." Id. The court held that the notice of decision was adequate saying "[t]he objectives of the statute were met in that the public was notified of (1) the decision, (2) the Commission which made the decision, (3) the substance of the decision, and (4) the effective date of the amendment." Id. The notice in the instant case meets the first three criteria. The present notice need not meet the fourth criteria since the plaintiff's application was denied. Id.; see also Griswold v. Planning and Zoning Commission, 2 CSCR 38, 39 (November 24, 1986, Zoarski, J.) (notice of decision published pursuant to General Statutes Section 8-3 (d) need not include effective date).
Additionally, regardless of whether the notice passes the test in Carr, no "defect [in notice] may . . . be misleading." Cocivi, supra, 708. Because the notice in Carr was not misleading and because the defect in the present notice is less egregious than the defect in Carr, in that in Carr, the names of the secretary and the chairman were absent; Carr, supra, 750; and in this case, the words "Steven Kayan, Secretary" appear below the signature line which was left blank; the present notice is not fatally misleading. See also Lessner v. Zoning Board of Appeals, 5 CSCR 741 (August 14, 1990, Vertefeuille, J.) (filing signed statement without oath, rather than affidavit as required, to certify compliance with regulation did not defeat board's CT Page 9508 jurisdiction where regulation's requirements were satisfied). It is therefore submitted that the notice of decision is adequate.
The plaintiff's final contention is that the Commission acted illegally, arbitrarily and in abuse of its discretion by denying the plaintiff's application in that the Commission incorrectly determined that the plaintiff's proposed dog grooming business was the equivalent of a beauty shop, which the regulations prohibit. When ruling upon an application for a special permit, a . . . zoning board acts in an administrative capacity. (Citations omitted.) "Generally, it is the function of the zoning board or commission to decide `within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. (Citations omitted.) In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. (Citation omitted.)'" Schwartz v. Planning Commission, 208 Conn. 146, 152,543 A.2d 1339 (1988).
Double I Limited Partnership v. Plan Zoning Commission, 218 Conn. 65,72, 588 A.2d 624 (1991). Therefore, "[i]f, in granting the special permit, the commission construed [the relevant zoning regulation] beyond the fair import of its language, then the commission acted in an arbitrary and illegal manner." Id. (Citations omitted.)
 Since zoning regulations are in derogation of common law property rights, . . . the regulation cannot be construed beyond the fair import of its language to include or exclude by implication that which is not clearly within its express terms. (Citations omitted.) The words employed by the local legislative body are to be interpreted in accordance with their natural and usual meaning; (citations omitted); and any interpretation that would torture the ordinary meaning of the words to create ambiguity will be rejected. (Citations omitted.) Common sense must be used in construing the regulation, and we assume that a rational and reasonable result was intended by the local legislative body. (Citation omitted.)
Spero v. Zoning Board of Appeals, 217 Conn. 435, 441, 586 A.2d 590
(1991). (Citation omitted.) CT Page 9509
"The burden of proof is on the plaintiff to demonstrate that the board acted improperly." Id., 440. (Citation omitted.)
The plaintiff's application sought authorization to operate a dog grooming business as a home occupation. The plaintiff was required by the Regulations to get a special use permit. Table 4.05C, Section 4.05.01(a). The plaintiff must show that his proposed dog grooming business is not equivalent to any of the impermissible businesses included in the definition of home occupation found in Section 2.02 of the Regulations. This definition provides that "[t]earooms, antique shops, barbershops, and beauty shops shall not be permitted as home occupations."
Although the board made no collective statement giving the reasons for its decision, three of the five members of the board individually stated that the reason for the votes was that the plaintiff's proposed dog grooming business was equivalent to a beauty shop.
Because the regulations do not define beauty shop, the court must turn to dictionaries and common sense to determine whether a dog grooming business falls within the natural and usual meaning of a beauty shop. The American Heritage Dictionary defines a beauty shop as a beauty parlor and defines a beauty parlor as "[a]n establishment providing women with services that include hair treatment, manicures, and facials." The American Heritage Dictionary (Second College Ed. 1985). The Random House Dictionary defines a beauty shop as "an establishment for the hair-dressing, manicuring, or other beauty treatment of women." Random House Dictionary of the English Language (Unabridged Ed. 1967). The plaintiff correctly points out that women do not patronize dog grooming shops and dogs do not patronize beauty shops. (Defendant's Brief, p. 7.) Nevertheless, it is submitted that the functions of each are similar in that both provide hair and nail grooming. In both types of shops, one would use shampoo, chemicals, scissors, combs and brushes to treat, wash and cut hair. The Commission did not go beyond the fair import of the language of the relevant regulation in determining that a dog grooming shop is equivalent to a beauty shop. The Commission's decision leads to a rational and reasonable result since to allow the special use permit would have created the incongruity of permitting hair and nail grooming activities for dogs in a location in which it is not permitted for human beings. The Commission did not act illegally, arbitrarily and in abuse of its discretion in denying the plaintiff's application.
For all the foregoing reasons, the plaintiff's appeal is denied.
Dunn, J. CT Page 9510