[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal of the City of West Haven Inland Wetland Agency's (hereinafter Agency) approval of the application of Minor Farms Limited Partnership (hereinafter applicant) seeking permission to conduct a regulated activity within a wetland area. The agency did approve the application on June 26, 1991, granting permission to construct four road crossings over wetland areas using a filter fabric/stone envelope method of construction and subject to the approval of a hydrographic study relative to a proposed run-off basin, the installation of an 18" pipe at one spillway and ten other general conditions, all as stated in the approval letter marked Ex. AAA. This application was made in conjunction with an application before the Town's Planning and Zoning Commission for the approval of a 61 lot subdivision on a 19 acre parcel. The instant application was filed on December 31, 1990 and accepted by the Agency on February 11, 1991. Thereafter, the agency members walked the site on March 30, 1991, did receive some information at a meeting on May 13, 1991, but did not schedule the first public hearing until June 10, 1991. After a short hearing on June 10, the matter was adjourned for a final public hearing on June 26, 1991. The plaintiffs take this appeal, claiming that the Agency abused its discretion in granting this application, and that it failed to consider and make findings that feasible and practical alternatives did not exist. The plaintiffs further claim that the agency acted improperly in that it failed to hold a public hearing within the prescribed time and that a member improperly voted on the application who had not attended the June 10 public hearing. The defendants deny these claims and attack the plaintiffs' standing to bring this appeal. CT Page 6984
The plaintiffs were all abutters to the wetlands, nevertheless, Connecticut General Statutes 22a-43 requires that the plaintiffs prove their claim of aggrievement. Olsen v. Inland Wetland Commission, 6 Conn. App. 715. This court heard testimony of the plaintiffs John Sampieri, Edward Nycek and William Johnson, and finds that they had a specific, personal and legal interest in the decision rendered by the Agency in this case. Although their fears and concerns about the impact of this development on the wetlands were not shared by the commissioners, this court cannot say that these concerns were speculative or unfounded. The plaintiffs have proved that they have been aggrieved by the decision of the Agency and do have standing to bring this appeal.
The plaintiffs vigorously argue that the decision of the Agency should be overruled because it neither found or considered feasible or prudent alternatives to the plan that was approved as was their obligation under 22a-41 of the Connecticut General Statutes. Although the Agency's decision did state that it "considered the reports and comments made at the public hearings" (Ex. AAA), it is true that the decision did not specifically state that it considered alternatives nor was it required to. Our Supreme Court has held that it is not necessary that an agency make such a finding or express it in its decision, provided the record does indicate it in fact did consider such alternatives. Gagnon v. Inland Wetlands Watercourses,213 Conn. 604. Indeed, it is the duty of this court to search the record to determine whether the Agency did consider feasible and prudent alternatives. Id., 609.
This court has reviewed the record and has found ample evidence that alternative plans and suggestions were presented from which the Agency could determine this plan would have the least impact on the wetlands. The approved plan in and of itself was an alternative to conventional road construction. The plan proposed and approved was the use of an "envelope" type of crossing over the wetlands utilizing a geotextile film. (See Ex. N). In addition, at the public hearing held on June 26, Mr. Robert Grabarek, a licensed professional engineer, testified to several "feasible and prudent" alternatives to the proposed plan. (Ex. GGG, p. 9). The plaintiffs' attorney, J. Katz, spoke at the June 26 meeting and he suggested alternatives. (Ex. GGG, p. 17). The applicants' attorney, Steven Small, also spoke of alternatives. (Ex. GGG, p. 42). The applicants' soil scientist, Frank Indorf, who spoke at both the June 10 meeting and the June 26 meeting, submitted a report at the June 10 meeting which addresses this issue. He specifically states in his report (Ex. NN) that "there does not appear to be any alternative that would provide less impact on the wetlands areas involved with this CT Page 6985 approval, except not making the road crossings." (Ex. NN, p. 9). There is ample evidence to warrant the approval of the plan. The Agency obviously considered the alternatives and decided to adopt the alternative suggested by the applicants.
The plaintiffs next claim that the approval of the drainage plan was illegal because it in fact permitted the construction of a "dam" which requires "D.E.P." approval pursuant to 22a-403, which the applicants did not secure. The instant plan called for the construction of a "dike" or "berm" which was approved by the town engineer. (Ex. M). Even if the "berm" which was approved was really a dam as the plaintiffs argue, the Agency's approval of the application, by virtue of its general conditions of approval, would require the applicants to seek this approval. The notice of decision, dated June 28, 1991, (Ex. AAA), specifically provides in its General Conditions, No. 7, "That this permit shall not be construed as relieving the permittee of the obligation to obey all applicable federal, state and local laws." Apparently, the town's professional engineer did not consider the berm a dam which, of course, the Agency relied upon. However, if at a later date he changes his opinion or if the D.E.P. or another state or federal agency should determine the berm is a dam, then the applicant must, in accordance with General Condition No. 7, obtain state or federal approval. The plaintiffs claim in this regard is without merit.
The plaintiffs argue that the Agency failed to act within the time requirements as prescribed under 22a-42a(c). The Agency did not formally accept the instant application until its February 11, 1991 meeting. (Ex. E). The first public hearing was held on June 10, 1991. Section 22a-42a(c) provides that a total extension "shall not be longer than the original period as specified." The original period specified is 65 days, therefore the extension could be 130 days. The public hearing was held within the prescribed extension period. Furthermore, the time frames mandated by this statute are designed to protect the applicants. Its purpose is "to insure prompt and expeditious action for the protection of the applicant." Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 535. The court finds that the continuances in this case were within the requirements of 22a-42a(c), that they were made at the behest of the Agency without objection of the applicants and without prejudice to the plaintiffs who were given an opportunity to be heard and were heard at the public hearings.
Finally, the plaintiff, claim that the Agency acted illegally in permitting Commissioner Barbara Romano to vote on the instant application at the executive session held after the public hearing on June 26 when she did not attend the first public hearing on June 10. Commissioner Romano did attend the CT Page 6986 final public hearing on June 26 which lasted well over four hours, as the plaintiffs' attorney states in his brief, with testimony primarily from the opponents of the project. The first public hearing which she did not attend was relatively short, which the plaintiffs' attorney estimates at slightly more than one-half hour, at which the applicants' soil scientist, Frank Indorf, testified. Mr. Indorf submitted his report at the June 10 meeting (Ex. NN) which was available to Commissioner Romano. Mr. Indorf did testify again at the June 26 meeting. In any event, it is not necessary that a commissioner attend all public hearings as a condition precedent to voting. Loh v. Town Plan Zoning Commission, 161 Conn. 32, 41. The law does require that a member acquaint herself with the issues involved in the application. The court is satisfied that Commissioner Romano, having attended the public hearing on June 26, was adequately informed as to the issues involved in this application. The record disclosed that she actively participated at the June 26 meeting with both questions and comments, which indicated a familiarity with the issues. (See Ex. GGG, pp. 45, 64, 65, 66, 73, 74). In any event, it is the burden of the plaintiffs to prove that Commissioner Romano's participation in the vote was unlawful, in that she did not acquaint herself with the issues involved in this case. Id., 43. The plaintiffs have failed to sustain this burden.
It is well settled that this court can only overturn an agency's decision if it finds it acted illegally, arbitrarily or in abuse of its discretion. Gulf Oil v. Board of Selectmen,144 Conn. 61. This court cannot substitute its judgment for that of the Agency unless it finds that the Agency "has not acted fairly or with proper motives". Id., 66. There is no evidence that this Agency acted illegally, improperly or in abuse of its discretion. Therefore, for all of the reasons stated above, the court will dismiss this appeal.
JOSEPH H. PELLEGRINO, JUDGE.