[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a land use appeal. The plaintiffs, Shawn and Laura O'Sullivan, appeal from a decision of the defendant, the Planning Zoning Commission of the Town of Hamden ("the Commission") approving an application for special permit and site plan approval filed by the defendant, Clear Channel Communication, Inc. ("Clear Channel" or "the applicant"), to allow the construction of a 625 foot radio transmission tower on land designated 360 Gaylord Mountain Road, in the Town of Hamden. The subject property is located in an "R-2", residential zone and is owned by the defendant, the Estate of Helen M. Talmadge. Clear Channel holds an option to purchase the said property.
Clear Channel filed its application on or about February 15, 1999. The Commission held a public hearing on the application on CT Page 4642 March 9 and March 30, 1999. On March 30, following the close of the public hearing, the Commission voted to approve the special permit and site plan application. This appeal followed.
 II
Under the Zoning Regulations of the Town of Hamden ("Regulations"), § 821, the Commission is authorized to approve issuance of special permits, providing the applicant meets the "threshold" requirements of § 826, as well as other pertinent requirements of the Regulations. Section 412.3 includes "Towers Supporting Personal Wireless Services Facilities" (§ 737) as a special permit use.
In the Hamden scheme of regulation a tower is defined as a "lattice structure of framework or monopole, that is designed to support Personal Wireless Service or other communications system, transmission, receiving and/or relaying antennas and/or equipment (emphasis added)", Regulations, § 737C. Under § 737D.a. towers are permitted in all zones, subject to Special Permit and Site Plan approvals. Section 737 is titled "Personal Wireless Service Facilities and Towers; Other Antennae and Satellite Dishes." Following consultation with town officials, Clear Channel filed its application on the understanding it had to meet the pertinent requirements of § 737, as applicable, as well as § 826 and § 844. There appear to be no other sections of the Regulations under which the Commission could consider the subject application.
 III
Judicial review of the Commission's decision is limited to a determination of whether the decision was arbitrary, illegal or an abuse of discretion, Whitaker v. Zoning Board of Appeals,179 Conn. 650, 654. The Commission is vested with a large measure of discretion, and the burden of showing the agency has acted improperly rests upon the one who asserts it, Mario v. Fairfield,217 Conn. 164, 169. Courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution, Burnham v. Planning Zoning Commission,189 Conn. 261, 266 (citation omitted). There is a strong presumption of regularity in the proceedings of an agency such as the Commission, Frito-Lay, Inc. v. Planning Zoning Commission,206 Conn. 554, 573-74 (citation, quotation marks omitted). Courts CT Page 4643 must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their actions. Such caution is particularly appropriate when reviewing the decision of a local land use commission composed of laypersons whose procedural savoir-faire may not rise to the sophisticated level needed to achieve strict compliance with the statutory directions under which they operate. DeBeradinis v. Zoning Commission,228 Conn. 187, 198-99, n. 7 (citation, quotation marks omitted).
When considering an application for a special permit, a zoning authority acts in an administrative capacity and its function is to determine whether the proposed use is permitted under the regulations and whether the standards set forth in the regulations and statutes are satisfied. It has no discretion to deny a special permit if the regulations and statutes are satisfied, Daughters of St. Paul, Inc. v. Zoning Board ofAppeals, 17 Conn. App. 53, 56 (citation omitted). It does have the discretion, however, to determine whether the proposal meets the standards set forth in the regulations, Irwin v. Planning Zoning Commission, 244 Conn. 615, 628. Commission members may rely on their personal knowledge of the property concerned and other properties in the area, prior applications, and conditions in the community, in reaching a decision on an application, Fuller, Land Use Law and Practice, Conn. Prac., Vol. 9), Section 21.5; Holt-Lock, Inc. v. Zoning Planning Commission,161 Conn. 182, 191.
Failure of an agency to make findings, even those required by statute or regulation, does not render its decision null and void; rather, the reviewing court must search the record of the hearing before that commission to determine if there is an adequate basis for its decision, Samperi v. Inland WetlandsAgency, 226 Conn. 579, 588-89, quoting from Gagnon v. InlandWetlands Watercourses Commission, 213 Conn. 604, 611. The reviewing court must sustain the agency's decision if there is substantial evidence in the record to support that decision,Samperi v. Inland Wetlands Agency, supra, at 587-88. Where the Commission does state its reasons for a decision the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the Commission is required to apply under the zoning regulations, Irwin v. Planning ZoningCommission, supra, at 629 (citation, quotation marks omitted). CT Page 4644
When, as here, the Commission acts in an administrative capacity, the evidence to support any such reason must be substantial, Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 540. The "substantial evidence" standard requires enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury, Kaufman v. ZoningCommission, 232 Conn. 122, 151. The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence, Samperi v. Inland Wetlands Agency, supra, at 588 (citations, internal quotation marks omitted).
 IV
Clear Channel operates an FM radio station, WKCI, located in Hamden. WKCI's antenna is currently located on a tower in Hamden owned by WTNH, a television station.
The plaintiffs' claim, first, that the subject application for special permit was based on false representations made by the applicant and that in granting the application the Commission ignored pertinent evidence presented by the plaintiffs. Further, the plaintiffs claim that the defendant Clear Channel failed to present any evidence it was being forced off the tower, creating a hardship.
Clear Channel currently leases space for its antennae on the WTNH tower. In the course of its presentation Clear Channel represented that it was being forced off the tower by the tower's owner. In support of this claim Clear Channel's attorney cited a clause in the parties' lease renewal which provides that the owner can cancel said lease on six month's notice. The attorney claimed, "The owner of that tower, WTNH, can at any time and within (sic) six month's notice, force my client to remove its antenna from that tower." And, "A six-month cancellation clause in a lease of this magnitude in my opinion amounts to a very clear mandate that we don't want you anymore on our tower." (Transcript, March 30, 1999 hearing, pp. 53-4B). The attorney goes on to state that Clear Channel had tried to discuss the issue with the tower owner but had been rebuffed (Transcript, p. 55). It is these representations that the plaintiffs label false, based on their belief that the tower owner would run afoul of the Federal Communications Commission ("the FCC") should it attempt to force Clear Channel to remove its antenna. The plaintiff, CT Page 4645 Shawn O'Sullivan, and other opponents of the subject application testified extensively and repeatedly on this issue.
The plaintiffs have failed to establish that Clear Channel's representations were false. It was clear by the conclusion of the public hearing that the defendant Clear Channel was not claiming it had been, or would, at a date certain, literally be forced off the WTNH tower. The said representations can be fairly construed as asserting a business decision by Clear Channel to free itself from dependence on an unfriendly lessor and relieve itself of the attendant uncertainty created by the six month cancellation clause. Moreover, the applicant's engineering consultant, Osenkowsky, testified as to the impairment of Clear Channel's present signal (Return of Record, #1, Engineering Statement, p. 1). It should be noted that there is no requirement in the Regulations that an applicant for special permit demonstrate hardship, such as is required of an applicant for a variance, and the Commission was not required to, nor did it, make such findings. Rather, the applicant must meet the requirements of Regulations, § 737E.c.1 to demonstrate that existing Facility Sites "are not already providing or do not have the potential by adjusting the Site, to provide Adequate Coverage and/or Adequate Capacity to the Town of Hamden." Finally, the Commission is entitled to give what weight it chooses to testimony and evidence presented to it by opponents of an application. The Court finds there was substantial evidence in the record to support the applicant's claim of need to erect its own tower.
Next, the plaintiffs claim that the Commission acted without authority because Clear Channel failed to satisfy certain of the general standards applicable to the application. Specifically, the plaintiffs claim there was no substantial evidence in the record, to support a finding that the applicant had met the "threshold criteria" listed in Regulations, § 826, including the safety of the immediate neighborhood (§ 826.1), compliance with the municipal plan of development (§ 826.2), the size (§ 826.3) and scale (§ 826.6) of the proposed use as appropriate to the area, and the harmony of the proposed use with the general area (§ 826.7).
The Court finds there was substantial evidence in the record to support the Commission's action in approving the subject application. The applicant submitted evidence as to the safety measures it proposed, (Return of Record, #1, Structural Stress Analysis by Steinberg Associates; Determination of No Hazard to CT Page 4646 Air Navigation, by U.S. Department of Transportation; ROR #19, ROR #41, ROR #43) on which the Commission could make a finding that the applicant had met the requirements of § 826.1. The municipal plan of development is to be found in the Regulations themselves, which permit towers in all zoning districts (§ 737D.a.) In addition, there was evidence in the record that towers of similar height and function were presently, or had been previously, located in the general area. There were also introduced into the record a set of photographs (Return of Record, #1), showing the site area, the existing power lines, the existing WTNH tower, and the proposed tower top, which the Commission could utilize, together with other evidence, to draw conclusions regarding the size and scale of the proposed use and the harmony of the proposed use with the general area. The Commission was entitled to rely on the opinion of the Town Planner that the exhibits, maps and documentation submitted by the applicant met the zoning requirements of Regulations, § 737 and the "threshold" criteria of § 826 and that the application is consistent with the Site Plan Objectives of § 844 (Return of Record, #19, pp. 2, 3). The Court finds there was substantial evidence in the record to permit a finding that the applicant had met the threshold requirements of Regulations, § 826, including §§ 826.1, 826.2, 826.3, 826.6 and 826.7.
 V
The plaintiffs have failed to establish, by a fair preponderance of the evidence, that the Commission, in approving the subject application for special permit, acted illegally, arbitrarily or in abuse of discretion.
Accordingly, this appeal is dismissed and judgment may enter in favor of the defendants, Clear Channel Communications, Inc., the Estate of Helen M. Talmadge By: George H. Talmadge, Executor, and the Planning Zoning Commission of the Town of Hamden.
By the Court,
Downey, J. CT Page 4647